Don A. ADAMS, Petitioner-Appellee,

v.

Ernest P. MURPHY, Sheriff of Osceola County and Louie L. Wainwright, Director, Division of Corrections, Department of Offender Rehabilitation, Respondents-Appellants.

No. 78–2406.

United States Court of Appeals, Fifth Circuit.

July 13, 1979.

Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, Fla., for respondents-appellants.

Joseph F. McDermott, St. Petersburg, Fla., for petitioner-appellee.

Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

The court has determined that this case presents a question of Florida law appropriate for resolution by the courts of that state. We will, therefore, defer our decision in this matter pending certification of the issue to the Florida Supreme Court. Our usual practice[1] is to request that the parties submit a proposed statement of facts and proposed agreed certificate of the questions for decision, but because the facts are uncontested and because the question to be certified is a narrow one, we have drafted the Statement of Facts and the Question for Certification.

1. See In re McClintock, 558 F.2d 732 (5th Cir. 1977).

2. The pertinent discussion took place as follows:

> BY THE COURT: Have both of you looked at and approved the verdicts?

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves a question or proposition of law of the State of Florida which may be determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies the following question of law of the State of Florida to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein, pursuant to section 25.031, Florida Statutes 1975, and Rule 4.61, Florida Appellate Rules, as follows:

I. *Style of the case.* The style of the case in which this certificate is made is as follows: Don A. Adams, petitioner-appellee, versus Ernest P. Murphy and Louie L. Wainwright, respondents-appellants, Case No. 78–2406, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Middle District of Florida.

II. *Statement of facts.* Petitioner Adams was indicted in 1974 for the crime of perjury, in violation of section 837.02, Florida Statutes. Adams was charged with testifying falsely while under oath before a grand jury proceeding. After all the evidence had been presented at Adams' trial, the Florida trial court held a charge conference with counsel. The attorney who represented Adams affirmatively requested[2]

> BY MR. DAUKSCH (Adams' counsel): No, I haven't looked at them. That is the one thing I apologize to the Court for. I didn't do it.
> How about attempted perjury?
> BY THE COURT: Well, do you think that is a lesser included offense?

that the jury be given a lesser-included offense instruction on the crime of attempted perjury. Although the trial judge expressed uncertainty about whether attempted perjury was a crime, he included the requested instruction in his charge to the jury.[3] The jury found Adams guilty of the crime of attempted perjury.

Petitioner appealed his conviction to the Florida Fourth District Court of Appeal, which affirmed in a one-line per curiam decision. Certiorari was initially granted by the Florida Supreme Court but was later withdrawn for want of jurisdiction. Adams subsequently filed a petition for a writ of habeas corpus with the Florida Supreme Court, raising a contention that no crime of attempted perjury existed under Florida law. Relief was denied by the Florida Supreme Court without written opinion in an order dated December 9, 1976.

Following an unsuccessful motion for post-conviction relief pursuant to Fla.R. Crim.P. 3.850, Adams filed a petition for habeas corpus relief in the United States District Court for the Middle District of Florida. After finding that Adams had exhausted his state remedies, the district court granted relief and held, relying on *Silvestri v. State*, 332 So.2d 351 (4th Dist.Ct. App. Fla.), *aff'd per curiam*, 340 So.2d 928 (Fla.1976), that attempted perjury was not a crime under the laws of Florida. Thus, the court below agreed with Adams that

instructing the jury on attempted perjury was a violation of due process of law and that his conviction and incarceration for a nonexistent offense violated the fourteenth amendment of the United States Constitution.

III. *Question to be certified to the Florida Supreme Court.*[4] Is attempted perjury in an official proceeding a criminal offense under the laws of Florida?

The entire record in this case, together with copies of the briefs of the parties, and all the papers are transmitted herewith.

CERTIFIED.

---

BY MR. DAUKSCH: Well, I don't know. I think that the courts have held that everything has an attempt to it.

BY THE COURT: You want an attempt? I am not certain there is such a crime, but if you want it I'll put it in there.

BY MR. DAUKSCH: I do specifically request it.

BY THE COURT: All right. Fine.

3. The circuit court charged the jury, in part, as follows:

It is a crime for any person to attempt to commit an offense prohibited by law and in such attempt do any act toward the commission of such offense. The charge of perjury includes a charge of the lesser offense of an attempt to commit that crime. An attempt to commit a crime consists of the formation of an intention to commit that particular crime at that particular time and place, and the doing of some physical act toward and

which was intended to accomplish the commission of the crime. The act done must be more than mere preparation to commit the crime. It must be one intended to actually do the wrong which constitutes the crime.

4. We repeat an oft-stated principle:

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved in the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or insubordinate or even contingent parts.

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir. 1968).