James CORLEY, Plaintiff-Appellant,

v.

Lloyd MILLIKEN and "Capt. Jeffery", Defendants-Appellees.

No. 78–3704
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1979.

Eddington & Smith, Warren L. Eddington, Houston, Tex., for plaintiff-appellant.

Law Offices of Reginald M. Hayden, Jr., Reginald M. Hayden, Jr., Miami, Fla., for defendants-appellees.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This appeal presents a question of Florida law that we believe is appropriate for resolution by the Supreme Court of Florida. We accordingly defer our decision in this matter and certify the issue to that court. Pursuant to our usual practice,[1] we requested the parties to submit a proposed statement of facts and proposed agreed certificate of the questions for decision. They reached agreement on both, and, with some modifications, we hereby submit them to the Florida Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. See, e.g., Adams v. Murphy, 598 F.2d 982 (5th Cir. 1979).

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves a question or proposition of law of the State of Florida that may be determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies the following question of law of the State of Florida to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein, pursuant to section 25.031, Florida Statutes 1975, and Rule 4.61, Florida Appellate Rules, as follows:

I. *Style of the case.* The style of the case in which this certificate is made is as follows: James Corley, plaintiff-appellant, versus Lloyd Milliken and "Capt. Jeffery," defendants-appellees, Case No. 78–3704, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Florida.

II. *Statement of facts.* This action was instituted by James Corley against Lloyd Milliken and the vessel the Capt. Jeffery under the Jones Act, 46 U.S.C. § 688 (1976), and general maritime law. Corley sought to recover for injuries he suffered while employed as a member of the Capt. Jeffery's crew. Corley attempted to obtain jurisdiction over Milliken, the owner and/or operator of the Capt. Jeffery and a nonresident of Florida, by serving the Florida Secretary of State pursuant to Fla.Stat. § 48.19 (1977).[2] Milliken moved to dismiss for, *inter alia,* lack of personal jurisdiction. Corley's Second Amended Petition alleged, in pertinent part, that:

The Defendant LLOYD MILLIKEN is a nonresident individual doing business in the State of Florida. As such, this Defendant may be served with process through the Secretary of State of Florida at Rt. 2, P. O. Box 44, Chalotte [*sic*], N.C. 28459. Said Defendant is the owner and/or operator of a fleet of vessels having regular routes from ports of the United States, one of said vessels is the "Capt. Jeffery." The port used by the "Capt. Jeffery" at the time of Plaintiff's injury was Key West, Florida and Thompson O'Neil Company was the local agent.

. . . . .

On or about the 5th day of April, 1976, while the Plaintiff was employed as a member of the crew of the "Capt. Jeffery," during the course and scope of his employment, the rigman unloaded the nets onto the deck, and there was a huge stingray approximately six feet long with a huge stinger and approximately six foot long tail in the nets. . . . [T]he stingray swung back into Plaintiff and its stinger pierced Plaintiff's left arm causing the injuries and damages suffered by Plaintiff.

Record at 68–69. The Capt. Jeffery was not in Florida waters at the time of Corley's injury.

2. Section 48.19 provides:

The operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge or other watercraft in the state, either in person or through others, and the acceptance thereby by the nonresident of the protection of the laws of this state for the aircraft or watercraft, or the operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge or other watercraft in the state, either in person or through others, other than under the laws of the state, or any person who is a resident of the state and who subsequently becomes a nonresident or conceals his whereabouts, constitutes an appointment by the nonresident of the secretary of state as the agent of the nonresident or concealed person on whom all process may be served in any action or proceeding against the nonresident or concealed person growing out of any accident or collision in which the nonresident or concealed person may be involved while, either in person or through others, operating, navigating, or maintaining an aircraft or a boat, ship, barge, or other watercraft in the state. The acceptance by operation, navigation or maintenance in the state of the aircraft or watercraft is signification of the nonresident's or concealed person's agreement that process against him so served shall be of the same effect as if served on him personally.

After the district court considered the allegations contained in Corley's Second Amended Petition, it concluded that the prerequisites of section 48.19 had not been met and dismissed the action without prejudice for lack of personal jurisdiction. *See* Fed.R.Civ.P. 4(d)(7). Corley appeals from that decision.

III. *Question to be certified to the Florida Supreme Court.*[3] Was the language of the jurisdictional allegation contained in Corley's Second Amended Petition sufficient to satisfy the jurisdictional prerequisites regarding nonresident service under Fla.Stat. § 48.19 (1977)? More narrowly presented, the question is: Does Fla.Stat. § 48.19 (1977) authorize service of process on the Secretary of State of Florida in an action against a nonresident of Florida, who owns a vessel that uses a Florida port, arising out of a maritime accident that occurred outside of that state?

The entire record in this case, together with copies of the briefs of the parties and agreed certification in this court, are transmitted herewith.

CERTIFIED.

**3.** We repeat an oft-stated principle:

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude

extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.
*Martinez v. Rodriquez,* 394 F.2d 156, 159 n.6 (5th Cir. 1968).