612 F.2d 227
 INTERNATIONAL CITY BANK & TRUST CO., etc., et al.,
Plaintiffs-Appellees,
v.
MORGAN WALTON PROPERTIES, INC., et al., Defendants-Appellants.
INTERNATIONAL CITY BANK & TRUST CO., etc., et al.,
Plaintiffs-Appellees,
v.
Joseph F. MORGAN and Johnnie Mae Morgan, husband and wife,
Defendants-Appellants.
 Nos. 77-3255, 77-3256.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 22, 1980.
 
 Louis K. Rosenbloum, D. L. Middlebrooks, Lefferts L. Mabie, Jr., Pensacola, Fla., for defendants-appellants.
 Bert Lane, James M. Weber, Pensacola, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Northern District of Florida.
 Before CHARLES CLARK, RONEY and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals present a question of Florida law that is appropriate for resolution by the Supreme Court of Florida. Our decisions in these matters are therefore deferred, pending certification of the question to the Supreme Court under our usual practice. See Corley v. Milliken, 608 F.2d 238 (5th Cir. 1979).
 
 
 2
 We have requested the parties to submit a proposed statement of facts and a proposed certificate of issues for decision. The parties reached agreement on both and, with some modifications, we hereby submit them for consideration by the Supreme Court of Florida.
 
 
 3
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR
 
 
 4
 THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT
 
 
 5
 TO SECTION 25.031, FLORIDA STATUTES (1979), AND RULE 9.510,
 
 
 6
 FLORIDA RULES OF APPELLATE PROCEDURE.
 
 
 7
 TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:
 
 
 8
 It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled cases involve questions of Florida state law which are determinative of these causes, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. This Court therefore certifies the following question of Florida law to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein.
 
 I. Style of the cases
 
 9
 The style of the cases in which this certificate is made is as follows: Case No. 773255: International City Bank & Trust Company, a Louisiana banking corporation, and Federal Deposit Insurance Corporation, as agency of the United States of America, plaintiffs-appellees v. Morgan Walton Properties, Inc., and Florida Universal Financial Corporation, Co-Partners doing business under the firm name of Grayton Dunes Properties; Morgan Walton Properties, Inc., a Florida corporation; Florida Universal Financial Corporation, a Florida corporation; Joseph F. Morgan; Johnnie Mae Morgan; Jerome W. Burkett; and Joe A. Schaeffer, Jr., defendants-appellees. Case No. 77-3256: International City Bank & Trust Company, a Louisiana banking corporation, and Federal Deposit Insurance Corporation, an agency of the United States of America, plaintiffs-appellees v. Joseph F. Morgan and Johnnie Mae Morgan, husband and wife, defendants-appellants. Both cases are on appeal from the United States District Court for the Northern District of Florida.
 
 II. Statement of the facts
 
 10
 In case No. 77-3255, plaintiff International City Bank & Trust Company (International City) filed a mortgage foreclosure complaint in the United States District Court for the Northern District of Florida against the above named corporate and individual defendants. During the pendency of the proceedings, the Federal Deposit Insurance Corporation (FDIC) was added as a party plaintiff upon appointment of the FDIC as receiver for International City and transferee of the ownership of all the bank's debts, notes and mortgages, including the subject matter of case No. 77-3255. The property sought to be foreclosed was real property located in Walton County, Florida. The corporate defendants executed and delivered in New Orleans, Louisiana, two promissory notes payable on demand or two years after date. The first was executed on December 29, 1973, in the principal sum of $4,550,000, and the second was executed on April 25, 1974, in the principal sum of $2,143,000. The individual defendants were joined as guarantors of the notes.
 
 
 11
 In case No. 77-3256, plaintiff International City filed a mortgage foreclosure complaint against defendants Joseph F. Morgan and Johnnie Mae Morgan. During the pendency of the proceedings, the FDIC was added as a party plaintiff upon appointment of the FDIC as receiver for International City and transferee of the ownership of all the bank's debts, notes and mortgages, including the subject matter of case No. 77-3256. The complaint sought foreclosure on another parcel of real property located in Walton County, Florida. Defendants executed and delivered in New Orleans, Louisiana, a promissory note, payable on demand or two years after date, in the amount of $335,000 on January 11, 1974.
 
 
 12
 The notes in both cases were made payable at International City in New Orleans, and were secured by mortgages on real estate located in Walton County, Florida. The notes in case No. 77-3255 provided they should be construed according to the laws of the State of Louisiana.
 
 
 13
 The various defendants answered, alleging the interest rate charged by International City was usurious under Florida law and contrary to Florida's public policy so that the notes and mortgages secured were unenforceable in a Florida court. It was specifically alleged that the interest rates charged by International City exceeded an annual rate of 25 percent. Other issues were raised which are not pertinent to the certified question.
 
 
 14
 All parties moved for summary judgment on the usury issue. The district court concluded the promissory notes should be construed according to the laws of the State of Louisiana, where there is no corporate usury limitation. Defendants claimed the notes were unenforceable because of International City's alleged violation of Florida's Criminal Usury Statute, Fla.Stat. § 687.071(2), which makes it a crime to charge a rate of interest exceeding 25 percent. That subsection provides,
 
 
 15
 Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding twenty-five percent per annum but not in excess of forty-five percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.
 
 
 16
 Defendants also relied upon Fla.Stat. § 687.071(7), which provides, "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state." With respect to this defense, the district court ruled:
 
 
 17
 From the authorities, it does not appear that usury has ever been declared to be against the public policy of the State of Florida, even under the prior criminal usury statutes. In view of the case law and without benefit of any construction of subsection (7) by the Florida courts, this court concludes this subsection could not have been intended to have the effect of rendering unenforceable in this state a contract valid and enforceable in the place where made.
 
 
 18
 The district court entered summary judgment in favor of International City on the usury defense. International City conceded the loan made to the individual defendants violated Louisiana law, and forfeited the interest.
 
 
 19
 III. Question for the Supreme Court of Florida
 
 
 20
 Are notes executed and payable in a state other than Florida, secured by a mortgage on Florida real estate, providing for interest legal where made, but usurious under Florida law, unenforceable in Florida courts due to Florida's usury statute, public policy or otherwise, where (a) the interest charged or paid exceeds 25 percent and (b) where the interest charged does not exceed 25 percent, but exceeds the maximum interest rate allowed by law?
 
 
 21
 In considering this question, the Supreme Court of Florida is reminded of the familiar maxim in cases involving certified questions:
 
 
 22
 (T)he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.
 
 
 23
 Martinez v. Rodriquez, 394 F.2d 156, 159 n.6 (5th Cir. 1968).
 
 
 24
 The entire record in each case, along with copies of the briefs of the parties and agreed certification, are transmitted herewith.
 
 
 25
 CERTIFIED.