SUNDBERG, Chief Justice.
James Corley brought suit in federal district court seeking recourse under the Jones Act, 46 U.S.C. § 688 (1976), for injuries received while he was a crewman aboard the ship “Capt. Jeffery,” owned by Lloyd Milliken. Although utilizing Key West, Florida, as a port, the “Capt. Jeffery” was outside Florida waters at the time the accident occurred. Upon motion by the defendants, the federal district court determined that the requirements of section 48.19, Florida Statutes (1977) had not been met and therefore dismissed the action for lack of personal jurisdiction. Corley appealed to the Fifth Circuit Court of Appeals which has certified the following question for our consideration:
Does Fla.Stat. § 48.19 (1977) authorize service of process on the Secretary of State of Florida in an action against a nonresident of Florida, who owns a vessel that uses a Florida port, arising out of a maritime accident that occurred outside of that state? *
We answer the question in the negative.
Section 48.19 designates the secretary of state as the agent, for purposes of service of process, of nonresidents owning watercraft operated, navigated, or maintained in Florida. The secretary of state may be served “in any action or proceeding against the nonresident . . . growing out of any accident or collision in which the nonresident . . . may be involved while . . . operating, navigating, or maintaining . . . [a] watercraft in the state.” (Emphasis supplied.) Clearly, the statute restricts both the persons who may be served by this method and the proceedings in which such service is permissible. Only those actions arising from accidents which occurred while the nonresident was actually or constructively in the waters of the state are included within the scope of section 48.19. In addition, in order to meet constitutional standards, the exercise of personal jurisdiction over a nonresident must be limited to causes of action arising out of and directly related to the acts of the nonresident by which he “purposely availfs] . . . [himself] of the privilege of conducting activities within the state.” Aero Mechanical Electronic Craftsman v. Parent, 366 So.2d 1268, 1270 (Fla. 4th DCA 1979). See also First National Bank v. Collins, 372 So.2d 111 (Fla. 2d DCA 1979); Compania Anonima Simantob v. Bank of America International, 373 So.2d 68 (Fla. 3d DCA 1979); Horace v. American National Bank & Trust Co., 251 So.2d 33 (Fla. 4th DCA 1971); Hubsch Manufacturing Co. v. Freeway Washer & *978 Stamping Co., 205 So.2d 337 (Fla. 1st DCA 1967).
 Section 48.19 must be strictly construed and its jurisdictional requirements clearly alleged in the complaint. See Young Spring & Wire Corp. v. Smith, 176 So.2d 903 (Fla. 1965); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978). Corley has not alleged that the accident causing his injuries occurred while Milliken was “operating, navigating, or maintaining” his vessel in Florida waters. Nor has he alleged that the accident arose from or was directly related to the nonresident’s in-state activities. In fact, the federal court’s recitation of the case reveals that the “Capt. Jeffery” was outside of Florida territory at the time of the incident. The mere circumstance of the “Capt. Jeffery” using a Florida port does not constitute sufficient connection to the cause of action to satisfy either the statutory or constitutional requirements for substitute service pursuant to section 48.19. Therefore, we find that, where a maritime accident occurs outside the state boundaries, the use of a Florida port does not satisfy the requirement of section 48.19 that the cause of action arise from an “accident ... in which the nonresident .. . may be involved while ... operating, navigating, or maintaining ... [a] watercraft in the state.”
The question certified by the United States Court of Appeals, Fifth Circuit, is answered accordingly.
ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.

 We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.510.