**James CORLEY, Plaintiff–Appellant,**

v.

**Lloyd MILLIKEN and "Capt. Jeffery", Defendants–Appellees.**

**No. 78–3704**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1981.

---

Eddington & Smith, Warren L. Eddington, Houston, Tex., for plaintiff–appellant.

Law Offices of Reginald M. Hayden, Jr., Reginald M. Hayden, Jr., Miami, Fla., for defendants–appellees.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

The sole question presented by this appeal is whether Florida's watercraft long arm statute, Fla.Stat. § 48.19 (1977), applies in a tort action arising from an event outside of the state of Florida. Upon the guidance of the Supreme Court of Florida, we find that it does not.

I

During April of 1976, James Corley was employed as a member of the crew of the fishing vessel CAPTAIN JEFFERY. At the time, the CAPTAIN JEFFERY was using Key West, Florida, as its port. During the course and scope of his employment, Corley suffered certain injuries. These injuries occurred aboard the CAPTAIN JEFFERY, while the ship was outside of the territorial waters of Florida.

Subsequently, Corley instituted an action in federal district court under the Jones Act, 46 U.S.C. § 688 (1976), and general maritime law, against the CAPTAIN JEFFERY and its owner Lloyd Milliken, a nonresident of Florida. Corley attempted to gain personal jurisdiction over Milliken by substitute service on the Florida Secretary of State under Fla.Stat. § 48.19 (1977). That statute reads:

> The operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge or other watercraft in the state, either in person or through others, and the acceptance thereby by the nonresident of the protection of the laws of this state for the aircraft or watercraft, or the operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge or other watercraft in the state, either in person or through others, other than under the laws of the state, or any person who is a resident of the state and who subsequently becomes a nonresident or conceals his whereabouts, constitutes an appointment by the nonresident of the secretary of state as the agent of the nonresident or concealed person on whom all process may be served in any action or proceeding against the nonresident or concealed person growing out of any accident or collision in which the nonresident or concealed person may be involved while, either in person or through others, operat-

ing, navigating, or maintaining an aircraft or a boat, ship, barge, or other watercraft in the state. The acceptance by operation, navigation or maintenance in the state of the aircraft or watercraft is signification of the nonresident's or concealed person's agreement that process against him so served shall be of the same effect as if served on him personally.

The district court dismissed Corley's action for lack of personal jurisdiction, holding that Corley had not met the prerequisites of the Florida watercraft long arm statute. Corley then filed this appeal.

## II

After consideration, we determined that the outcome of this appeal turned upon resolution of an undetermined question of Florida law. Therefore, we certified the following question to the Florida Supreme Court: "Does Fla.Stat. § 48.19 (1977) authorize service of process on the Secretary of State of Florida in an action against a nonresident of Florida, who owns a vessel that uses a Florida port, arising out of a maritime accident that occurred outside of that state?" *See Corley v. Milliken*, 608 F.2d 238, 240 (5th Cir. 1979).

The Florida Supreme Court has answered this question in the negative:

Only those actions arising from accidents which occurred while the nonresident was actually or constructively in the waters of the state are included within the scope of section 48.19.... The mere circumstance of the "Capt. Jeffery" using a Florida port does not constitute sufficient connection to the cause of action to satisfy either the statutory or constitutional requirements for substitute service pursuant to section 48.19. Therefore, we find that, where a maritime accident occurs outside of state boundaries, the use of a Florida port does not satisfy the requirement of section 48.19 that the cause of action arise from an "accident ... in which the nonresident ... may be involved while ... operating, navigating, or maintaining ... [a] watercraft in the state."

*Corley v. Milliken*, 389 So.2d 976, 977 (Fla.S. Ct., 1980).

Accordingly, we affirm the district court's dismissal of this action for want of personal jurisdiction over Lloyd Milliken.

AFFIRMED.