PER CURIAM.
We reverse an order denying a motion to quash service of process on foreign corporations for several reasons. First, the bare allegations of a complaint, unsworn to, are not sufficient to support jurisdiction when a foreign defendant has filed sworn affidavits controverting the facts as alleged. Underwood v. University of Kentucky, 390 So.2d 433 (Fla. 3d DCA 1980); Caribe & Panama Investments, S.A. v. Christensen, 375 So.2d 601 (Fla. 3d DCA 1979); American Realty Co. v. Gwin, 374 So.2d 643 (Fla. 4th DCA 1979).
Second, there is no showing of any minimum contact with the State of Florida to justify substitute longarm service. Corley v. Milliken, 389 So.2d 976 (Fla.1980); Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984); National League for Nursing v. Bluestone, 388 So.2d 1090 (Fla. 3d DCA 1980).
Third, the plaintiff did not attempt to establish any facts which would permit the use of the provisions of Chapter 48 of the Florida Statutes relating to substitute service.
And lastly, under the facts as pled, the appropriate forum to determine the controversy is without the continental U.S. and the cause is therefore subject to dismissal under the doctrine of forum nonconveniens. Armadora Naval Dominicana S.A. v. Garcia, 478 So.2d 873 (Fla. 3d DCA 1985); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).
The order under review is reversed with directions to grant the motion to quash service of process upon the appellants, *856 Compania Helvetica De Navegacion, S.A. and Style Caribe Carrier, Corp.[1]
Reversed and remanded with directions.

. Because the insureds have been dismissed, it may necessarily follow that their insurance company, The Standard Steamship Owners Protection and Indemnity Association, should prevail on a proper motion to dismiss. Insurance Company of North America v. Braddon, 285 So.2d 634 (Fla. 3d DCA 1973); Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1973).