**STRICKLAND et al. v. PETERS et al.**
**PETERS et al. v. STRICKLAND et al.**
No. 9713.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1941.

Rehearing Denied June 12, 1941.

Cecil C. Bailey, Wm. H. Rogers, and Robert R. Milam, all of Jacksonville, Fla., for appellants Strickland et al.

Wm. H. Jackson, of Tampa, Fla., and M. L. Donovan, of Omaha, Neb., for appellants Peters et al.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The questions we shall decide mainly relate to the equitable jurisdiction of the district court, and the case will be stated with special reference to them.

C. F. Peters and his wife Blanche N. Peters, seventy-nine and seventy-five years of age in 1937, and citizens of Florida, owned land there as tenants by the entireties and personal property of the aggregate value of about $50,000. Because of mental failure Mr. Peters was confined in a sanitarium, J. A. Strickland being his physician. On November 18, 1937, by court proceedings, Dr. Strickland was appointed guardian of his person, and Dr. Strickland and Florida National Bank of Jacksonville were appointed joint curators of his estate. On the same day Mrs. Peters gave Dr. Strickland and the Bank a general power of attorney to manage her property and affairs. She also gave written directions to a lawyer connected with the Bank to prepare for her a will, by which she gave five special bequests, and the remainder of her estate to Dr. Strickland. The Bank was named executor. This will was executed the next day. On April 27, 1939, Mr. Peters died, and the property all went to Mrs. Peters. The curators made their accounts to the court and were discharged on May 10, 1939. On May 18, 1939, Mrs. Peters made a deed to the Bank as trustee of described real and personal property (being all she owned) in trust, to raise an income for her during her life and after her death for the benefit of the wife of Dr. Strickland, or in case of her death, for the benefit of Dr. Strickland's daughter. On the same day she made another will revoking the former one and giving all the property she might die possessed of to Dr. Strickland, and named him executor. Mrs. Peters died June 7, 1939. The last will was filed in the probate court, but with a petition which stated that Mrs. Peters left no debts and had by the trust deed to the Bank disposed of all her property, and prayed for a decree that no probate or administration was necessary.

Otto M. Peters and others are collateral relatives of Mr. Peters who, since Mrs. Peters left no kinsfolk, are entitled to inherit from her under Compiled General Laws Supp., § 5480(1) (7). They reside in and are citizens of other States than Florida. Instead of calling for probate of the wills in the probate court, or asking for administration, they on October 9, 1939, filed a petition in the District Court of the United States against Dr. Strickland, his wife and daughter, and the Bank, attacking both wills and deed as void for want of capacity in Mrs. Peters, and for fraud and undue influence on the part of Dr. Strickland and the Bank. It was prayed that Dr. Strickland be enjoined from probating the wills, that the Bank be enjoined from disposing of any of the property which had come into its possession; that a receiver be appointed to take charge of it; that the wills and deed and power of attorney be all adjudged void; that Dr. Strickland and the Bank make an account of money and property they had handled for Mr. and Mrs. Peters; that it be adjudged that Mrs. Peters died intestate; and that petitioners are her heirs and entitled to all her estate. The bill was later amended to attack the decree appointing Dr. Strickland and the Bank as curators, and to annul another deed to the Bank, and the prayers were amended to cover those matters, and to ask the court to appoint an "administrator ad litem" for the use and benefit of the estate of Mrs. Peters, to receive the property and recover the money due her.

The answer, besides denials and explanations, contained a motion to dismiss for

want of jurisdiction over the subject matter, it being within the exclusive jurisdiction of the Florida probate court; and because the action if maintainable at all should be brought by the personal representative, and states no claim upon which relief can be granted.

The judge made findings of fact, held that though there was no jurisdiction to administer the estate of Mrs. Peters, there was jurisdiction to determine the validity of the deeds and by consequence the validity of the wills. He overruled the motion to dismiss; adjudged void both the wills, and the deeds and other attacked instruments, appointed another bank as receiver, and ordered the defendants to turn over to it all property of Mrs. Peters in their custody. An accounting with the curators was denied. The plaintiffs appeal from this last part of the decree. The defendants appeal from all else.

■■■ The court is without jurisdiction to try the validity of the wills. Originally a will devising land was only a muniment of title, like a deed, whose execution had to be proved, and could be tried before any court capable of trying land titles. Now in almost all the States the validity of a will as such is tried exclusively in a court of probate, whose judgment thereon is in rem, binding the world. Such is the case in Florida. The admission or rejection of a will to probate is in rem, establishing status, and conclusive on the world. Barry v. Walker, 103 Fla. 533, 137 So. 711; Gardiner v. Goertner, 110 Fla. 377, 149 So. 186, 187, 195; Thompson v. Freeman, 111 Fla. 433, 149 So. 740. The Constitution of Florida, Art. 5, Sec. 17, vests in the county judge "jurisdiction of the settlement of the estates of decedents * * * to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate." To this same effect is the Probate Act of 1933; Comp.Genl.Laws Supp., § 5541(1). Section 5541(62) says: "A will must be probated after the death of the testator in order to establish its validity. The probate of a will, unless revoked, or reversed upon appeal, shall be conclusive, in any collateral suit or controversy relating to any of the property, real or personal, thereby devised or bequeathed, of the due execution of the will by a competent testator, of his own free will, and that such will at the date of the testator's death

was unrevoked." A court of equity has no jurisdiction over those questions. Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Crosby v. Burleson, 142 Fla. 443, 195 So. 202. Where such is the law of the State, a federal court has no jurisdiction to adjudge the validity of a will. Broderick's Will, 21 Wall. 503, 22 L.Ed. 599; Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664. We do not think that because the district court may have jurisdiction in equity over some other matter, it can draw to itself jurisdiction to adjudge the validity of these wills.

■■ The district court has jurisdiction to determine the validity of deeds, and the probate court has not. These plaintiffs, claiming to be heirs, were faced both with wills and deeds, and the trust deed had been put forward in the probate court as the reason for not probating the wills. This was probably not a good reason, and the probate court could at the instance of the heirs compel the executors to propound them (See 1 Williams on Executors, 271, 309, Finch v. Finch, 14 Ga. 362), or they could force it by asking to be themselves appointed administrators. Nevertheless the situation presented a case of actual controversy over the validity of the deeds, and we think the district court could make a declaratory decree on the subject. 28 U.S.C.A. § 400. Every person that could be interested in upholding the deeds was made a party to defend them. The heirs were not seeking to recover possession. There was no representative of the estate to be joined. It is true the heirs, since there were wills whose validity was undetermined, had no certain title on which they could recover either land or personalty or money. For even if there be no will, it has been held in Florida that heirs cannot recover money without being adjudged the heirs in the probate court, and getting a decree that no administration is necessary. Bradley v. Raulerson, 66 Fla. 601, 64 So. 237; and see Chap. 16992, Acts 1935, amending Probate Act, Genl.Stats. Supp., §§ 5541(155), 5541(156). But on a showing in a court of equity that the estate is without a representative and in danger of being lost, and that petitioners are probably interested in it as heirs, they can ask protection for it until a proper representative is appointed and administration is begun in the probate court. A federal court of

equity, there being diversity of citizenship and a sufficient amount involved, may thus protect the property if in danger of dissipation, through a receivership or by injunction as may be necessary. Smith v. Jennings, 5 Cir., 238 F. 48, 54, 56. No interference with the probate court is involved, because it has not undertaken administration and will be yielded to when it does. The prayer to appoint an "administrator ad litem" to represent the estate is perhaps unavailable in a federal court, but the prayer for a receiver is in order. Nevertheless the prayer ought not to have been granted on the facts found. The Bank was acquitted by the judge of all wrongdoing, and was, pending this appeal, left in possession. There is no question of its solvency. The property is not being wasted. The injunction against disposing of anything appears to afford ample protection. There is no need to multiply costs. If the first will, made a year and a half before the trust deed, is upheld as the true last will, the Bank as executor will be entitled to possess and administer the estate. The appointment of a receiver is an extraordinary remedy, not to be resorted to without necessity. A bond might, if deemed prudent, be required of the Bank, but we reverse, upon the present record, the appointment of another bank as receiver.

The bill being good for the protection of the estate, and the existence of the deeds having been put forward as the reason for not propounding the wills and undertaking administration in the probate court, we hold there was jurisdiction also by declaratory decree to settle the validity of the deeds as between these parties. As to them, while some special fact findings are not well supported, the evidence warrants the decree of invalidity. No decree should have been made touching the wills, whose validity is for trial in the probate court without prejudice.

On the appeal of the heirs, we think no right is shown in them to sue the curators for the recovery of money; and if they could sue as representing the estate of Mrs. Peters, the estoppels which affect her bind them also, as the district judge held.

The decree is reversed and set aside, and the cause remanded to the district court with direction to frame a decree in accordance with this opinion. Costs of appeal are awarded the appellants on the appeal of the Stricklands and the Bank. No costs are awarded on the other appeal.