**Frank O'DONNELL and Mary Artman,
Appellants,**

v.

**The DUNSPAUGH–DALTON FOUNDA
TION, INC., Appellee.**

**No. 24234.**

United States Court of Appeals
Fifth Circuit.

March 5, 1968.

Linwood Anderson, Miami, Fla., Roy L. Struble, Miami Beach, Fla., Ralph & Anderson, Miami, Fla., for appellants; Goldstein & Barkan, Philadelphia, Pa., of counsel.

Sam Daniels, Miami, Fla., for appellee.

Before BROWN, Chief Judge, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Asserting diversity jurisdiction (Title 28 U.S.C. Sec. 1332) appellants brought their suit in the federal district court seeking a decree impressing a constructive trust in their favor upon all assets held by the defendant-appellee (Foundation).

Foundation is a charitable foundation created and appointed residuary legatee under the will and codicil of Ann V. Dalton, the aunt of the two appellants. It received and held some $6,000,000 in assets, primarily IBM stock. The complaint alleged the admission of the will and codicil to probate by the County Judge's Court for Dade County, Florida, in February, 1963, the receipt of the assets by Foundation, and that the residuary bequest to the Foundation was "procured by the fraud and undue influence of the said William A. Lane", who at all material times was in a fiduciary and confidential relationship with the testatrix. The probate of the will stood unrevoked at the time the complaint was filed and at all material times thereafter.

The court below dismissed the second amended complaint, stating:

"* * * and it further appearing to the Court that jurisdiction of this cause is in the County Judge's Court of Dade County, Florida, rather than this Court, it is hereby,

ORDERED that the Second Amended Complaint of the Plaintiffs FRANK O'DONNELL and MARY ARTMAN be and the same is hereby dismissed without prejudice for lack of jurisdiction over the subject matter." (R. 25).

This appeal followed. We affirm.

The issue on appeal relates to the respective jurisdictions of the court below and the Florida probate court (the County Judge's Court for Dade County, Florida). The entire Florida Probate Law,

F.S.A. Chapters 731, 732, 733, 734, 735 and 736 is to some extent relevant to this issue. The core of Florida's system is F.S.A. 732.26.[1] The relevant provision of the Florida Constitution is Article V, Sec. 7(3), F.S.A.[2]

This Court had occasion to determine the interplay between Florida probate and federal diversity jurisdiction in Strickland v. Peters, 5 Cir., 1941, 120 F.2d 53. *Strickland* has been widely cited and followed. This case is on all fours with the case at bar and in accord with the dismissal below. F.S.A. Sec. 732.26 (2) was given literal application in *Strickland,* which, like the case at bar, constituted an attempted collateral attack upon the execution of a will, upon the classic grounds of fraud and undue influence. On the authority of *Strickland,* we hold that jurisdiction of this suit was properly in the County's Judge's Court for Dade County, Florida, not the court below, as the District Judge held in dismissing the Second Amended Complaint. The judgment of the lower court is

Affirmed.

1. "732.26 EFFECT OF PROBATE.—
"(1) The will of any person who heretofore has died a resident of the state or any person who hereafter dies a resident of the state must be admitted to probate in an original proceeding in the state in order to establish its validity. Until so admitted to probate, such will shall be ineffective to convey title to, or the right to possession of, real or personal property of the testator; and, until such probate proceedings have been had, no personal representatve shall acquire title to, or the right to possession of, any personal property owned by the decedent at the time of his death, notwithstanding that probate or administration proceedings have been had in some other state or county. None of the provisions of the two preceding sentences shall apply to or affect any will or any rights under any will admitted to probate in any other state or county prior to June 12, 1939. The title to personal property wheresoever situate of a person who hereafter dies a resident of the state shall not pass under his will to the legatee or legatees named or designated therein until after such personal property has been administered upon and distributed by the domiciliary personal representative of his estate; provided that this section shall not apply to any property as to which a valid order has been entered that no administration is necessary as to such property or as to the estate of which such property is a part.
"(2) In any collateral suit or controversy relating to property, real or personal, thereby devised or bequeathed, the probate of a will in Florida, unless revoked or reversed upon appeal, shall be conclusive of the due execution of the will by a competent testator of his own free will and of the fact that such will, at the date of the testator's death, was unrevoked."

2. "(3) JURISDICTION. The county judge's courts shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the legislature may prescribe. The county judge's courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. The county judges shall have the power of committing magistrates and shall issue all licenses required by law to be issued in the county."