**Evelyn G. DeWITT and Mabel M. DeWitt, Plaintiffs-Appellants,**

v.

**Estelle R. DUCE, Dallas W. Weaver and Mabel E. Weaver, Defendants-Appellees.**

No. 78–3157

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 27, 1979.

---

\* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John R. Vintilla, Cleveland, Ohio, for plaintiffs-appellants.

Charles H. Warwick, III, Palm Beach, Fla., for defendants-appellees.

Before GOLDBERG, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's sua sponte dismissal for lack of subject matter jurisdiction of a complaint in a diversity case. We reverse and remand for further proceedings.

Evelyn and Mabel DeWitt, citizens of Ohio, brought this claim against Estelle Duce and Dallas and Mabel Weaver, all citizens of Florida. In their complaint, which is the only relevant pleading filed in this proceeding prior to its dismissal, the DeWitts alleged that Duce and the Weavers improperly, systematically and fraudulently acted to influence one Arthur Welch to revoke a last will and testament in which he had named the DeWitts as substantial beneficiaries and to execute instead a will for the benefit of Duce and the Weavers. Arthur Welch died in 1975, and the will benefitting Duce and the Weavers has apparently been admitted to probate in the Florida courts. *See* Record at 17. The DeWitts asked for various relief, including the conveyance of certain realty from the Weavers to them, an accounting of certain moneys received by Duce and the Weavers, and $50,000 in punitive damages. The district court dismissed the DeWitts' complaint, stating in its order of dismissal that, al-though the complaint properly alleges diversity jurisdiction, "further examination of the complaint discloses that the subject matter therein is a probate matter. Although there is no absolute restriction, federal jurisdiction based on diversity of citizenship is subject to the judge made exception that federal courts generally will not act in probate matters." *Id.* at 34.

While the district court correctly expressed the rule of this circuit regarding probate matters in federal court, *see O'Donnell v. Dunspaugh-Dalton Foundation, Inc.*, 391 F.2d 226 (5th Cir. 1968), we feel it erred when it applied that rule to this case. The DeWitts' complaint is not in place of a challenge to probate, but rather encompasses an independent tort claim for an intentional interference with an inheritance. *See* Restatement (Second) of Torts § 774B (1979).[1] Florida law, which controls this diversity action, recognizes an independent cause of action based upon such a claim. *See Kramer v. Freedman*, 272 So.2d 195, 198–99 (Fla.App.), *cert. discharged*, 295 So.2d 97 (Fla.1973). Although the complaint does not so state, Arthur Welch's will has probably completed Florida probate proceedings, so the district court's entertainment of this action will not interfere with Florida's orderly administration of the estates of its decedents. We reject the defendants' contention that this action is a mere will contest.

We express no opinion regarding possible res judicata effects of the Florida probate proceeding on this case, *see id.*, and do not intend to inhibit the district court's reconsideration of the jurisdictional issue after the record becomes more fully developed through the filing of an answer and the institution of discovery. We merely hold that the DeWitts' complaint is sufficient on its face to confer subject matter jurisdiction in a federal diversity court. For that reason, the district court's order of dismissal is reversed and the cause remanded for fur-

---

1. § 774B. *Intentional Interference with Inheritance or Gift*

One who by fraud, duress or other tortious means intentionally prevents another from re-ceiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

ther proceedings consistent with this opinion.

REVERSED AND REMANDED.