Evelyn G. DeWITT and Mabel M. DeWitt, Plaintiffs-Appellants,

v.

Estelle R. DUCE et al., Defendants-Appellees.

No. 80–5269.

United States Court of Appeals, Fifth Circuit.
Unit B

April 10, 1981.

John R. Vintilla, Cleveland, Ohio, for plaintiffs-appellants.

John W. Hewitt, Palm Beach, Fla., for defendants-appellees.

Before TUTTLE, RONEY and VANCE, Circuit Judges.

PER CURIAM:

This diversity appeal presents a question of Florida law which the Supreme Court of Florida should appropriately decide. We therefore stay disposition of the appeal pending certification of the issue to the Florida Supreme Court pursuant to Fla. Stat.Ann. § 25.031 and Rule 9.150, Florida Rules of Appellate Procedure. The usual practice is to request the parties to submit a proposed statement of facts and proposed agreed certificate of the question for decision. Because the facts are uncontested and the question to be certified is a narrow one, however, the Court has drafted the statement of facts and the question for certification. See Adams v. Murphy, 598 F.2d 982 (5th Cir. 1979).

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO SECTION 25.031, FLORIDA STATUTES ANNOTATED, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves a question or proposition of law of the State of Florida which is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Florida. This Court therefore certifies the following question of Florida law to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein.

I. *Style of the case.* The style of the case in which this certificate is made is as follows: Evelyn G. DeWitt and Mabel M. DeWitt, plaintiffs-appellants, versus Estelle R. Duce, Dallas S. Weaver and Mabel E. Weaver, defendants-appellees, Case No. 80–5269, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Florida.

II. *Statement of facts.* Arthur Welch died on December 25, 1975, and his will was probated in the Circuit Court for Palm Beach County, Florida. Plaintiffs Evelyn G. and Mabel M. DeWitt filed a Petition for Revocation of Probate of Welch's will in the Circuit Court, but voluntarily dismissed the petition before trial and accepted bequests under the will. Plaintiffs subsequently filed this diversity action for wrongful interference with an inheritance, alleging defendants Estelle R. Duce and Dallas W. and Mabel E. Weaver, through the exercise of undue influence over Welch, caused him, at a time he lacked testamentary capacity, to

revoke a will devising certain real property to plaintiffs and to replace it with the probated will devising said property to defendants. Plaintiffs' prayer relief sought conveyance of the real property from defendants to plaintiffs, an accounting and punitive damages.

The district court on its own motion dismissed the cause for lack of subject matter jurisdiction on the rule that federal courts generally will not act in probate matters. This Court reversed, holding the complaint alleged an independent tort claim for interference with an inheritance and was sufficient on its face to confer subject matter jurisdiction in the district court. *DeWitt v. Duce*, 599 F.2d 676 (5th Cir. 1979). On remand, the district court dismissed the cause on the ground that Fla.Stat.Ann. § 733.103(2) (West Supp.1981) forecloses plaintiffs from proving the facts necessary to prevail on the tort claim alleged. That statute provides as follows:

> In any collateral action or proceeding related to devised property, the probate of a will in Florida shall be conclusive of its due execution; that it was executed by a competent testator, free of fraud, duress, mistake, and undue influence; and of the fact that the will was unrevoked on the testator's death.

III. *Question for certification.* Does Florida law, statutory or otherwise, preclude plaintiffs from proving the essential elements of their claim for tortious interference with an inheritance where the alleged wrongfully procured will has been probated in a Florida court and plaintiffs had notice of the probate proceeding and an opportunity to contest the validity of the will therein but chose not to do so?

The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problem involved. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6 (5th Cir. 1968). The record and briefs made available by the parties to this Court are transmitted herewith.