John W. Hewitt, Palm Beach, Fla., for defendants-appellees.

**Evelyn G. DeWITT and Mabel M. DeWitt, Plaintiffs-Appellants,**

v.

**Estelle R. DUCE, et al., Defendants-Appellees.**

No. 80–5269.

United States Court of Appeals, Fifth Circuit.*
Unit B

May 10, 1982.

Before TUTTLE, RONEY and VANCE, Circuit Judges.

PER CURIAM:

Plaintiffs brought a diversity jurisdiction suit for tortious interference with an inheritance. The district court dismissed the complaint for lack of subject matter jurisdiction because the case dealt with state probate matters. We reversed and remanded. *DeWitt v. Duce,* 599 F.2d 676 (5th Cir. 1979). On remand, the district court held that plaintiffs were precluded by Florida law from proving a necessary element of their case and dismissed the cause. On appeal, we certified the controlling legal question to the Supreme Court of Florida. *DeWitt v. Duce,* 642 F.2d 159 (5th Cir. 1981).

Does Florida law, statutory or otherwise, preclude plaintiffs from proving the es-

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452–October 14, 1980.

sential elements of their claim for tortious interference with an inheritance where the alleged wrongfully procured will has been probated in a Florida court and plaintiffs had notice of the probate proceeding and an opportunity to contest the validity of the will therein but chose not to do so?

642 F.2d at 160.

The Supreme Court of Florida has now answered this question in the affirmative. *DeWitt v. Duce*, 408 So.2d 216 (Fla.1981). Finding that plaintiffs had an adequate remedy in probate court for their grievance, with a fair opportunity to pursue it, the Florida Court held they were barred by section 733.103(2), Florida Statutes (1977),[1] from a subsequent action for wrongful interference with a testamentary expectancy. Thus, the district court was correct in its application of Florida law. Plaintiffs claim was properly dismissed.

AFFIRMED.

---

**1.** Fla.Stat. § 733.103(2) provides:

In any collateral action or proceeding relating to devised property, the probate of a will in Florida shall be conclusive of its due execution; that it was executed by a competent testator, free of fraud, duress, mistake, and undue influence; and of the fact that the will was unrevoked on the testator's death.

