[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5178

_____

D. C. Docket No. 97-8434-cv-KLR

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/10/98
THOMAS K. KAHN
CLERK

NATIONAL PARTNERSHIP INVESTMENT CORP.,
a California Corporation, as the
managing general partner of National
Corporate Tax Credit Fund V, a
California limited partnership and
National Tax Credit Management
Corp. I, a California Corporation,

Plaintiff-Appellee,

versus

NATIONAL HOUSING DEVELOPMENT CORPORATION,
a Florida non-profit corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 10, 1998)**

Before HATCHETT, Chief Judge, BLACK, Circuit Judge, and KRAVITCH,
Senior Circuit Judge.

BLACK, Circuit Judge:

Defendant-Appellant National Housing Development Corp. (NHDC) appeals the district court's order appointing a receiver pendente lite in this foreclosure action. The appeal raises two narrow questions of law: (1) whether the appointment of a receiver by a federal court exercising diversity jurisdiction is governed by state or federal law; and (2) what standard of review this Court should apply in reviewing the appointment of a receiver. We conclude that federal law governs the appointment of a receiver and that the decision of the district court should be reviewed for an abuse of discretion. Applying these principles to the present case, we affirm the order of the district court.

## I. BACKGROUND

NHDC is the operating general partner of Mangonia Residence I, Ltd. ("the Partnership"). The Partnership is a Florida limited partnership that was organized in 1994 to build and lease a 252-unit apartment complex for low income elderly persons in West Palm Beach, Florida.

Plaintiff-Appellee National Partnership Investment Corp. (NAPICO) is the managing general partner of National Corporate Tax Credit Fund V (NCTCV). NCTCV is a limited partner in the Partnership with a 98.9% ownership interest. Plaintiff-Appellee National Tax Credit Management Corp. I (NTC) is a special limited

partner in the Partnership with a 0.1% interest. NHDC owns the remaining 1% interest in the Partnership.

NAPICO and NTC (Appellees) brought this diversity action against NHDC to foreclose their security interest in NHDC's 1% share of the Partnership. Appellees also filed an emergency motion to oust NHDC as the operating general partner and to appoint a receiver to take charge of the Partnership. The district court issued an interlocutory order appointing a receiver pendente lite. NHDC appeals that order pursuant to 28 U.S.C. § 1292(a)(2).

## II. ANALYSIS

NHDC contends that the appointment of a receiver in a diversity case is governed by state substantive law in accordance with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). NHDC favors application of Florida law in the present case because the standards governing the appointment of a receiver under Florida law are arguably more stringent than under federal law. *Compare McAllister Hotel, Inc. v. Schatzberg*, 40 So. 2d 201, 202-03 (Fla. 1949) (emphasizing the need to show insolvency or fraud before a receiver will be appointed), *with Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326-27 (1st Cir. 1988) (discussing six factors federal courts may consider in determining whether to appoint a receiver).

NHDC further asserts that this Court should conduct a de novo review of the district court's decision to appoint a receiver.

Appellees argue that federal law governs the appointment of a receiver in a diversity case. Appellees also assert that this Court should review the decision to appoint a receiver for an abuse of discretion.

A. <u>What Law Governs</u>

As the First Circuit noted in *Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc.*, 683 F.2d 25, 26 (1st Cir. 1982), "[m]ost federal court decisions dealing with the appointment of a receiver pendente lite appear to apply federal law without discussion." Of those circuits that have directly addressed the issue, each has held that the appointment of a receiver in a diversity action is governed by federal law. *See Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.3d 314, 316 (8th Cir. 1993); *Turabo*, 683 F.2d at 26; *see also Resolution Trust Corp. v. Fountain Circle Assocs. Ltd. Partnership*, 799 F. Supp. 48, 50 (N.D. Ohio 1992); *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287, 289-90 (E.D. Cal. 1991). Commentators generally approve of the conclusion reached by these courts. *See* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 2983, at 33-35 (2d ed. 1997); 13 James Wm. Moore et al., *Moore's Federal Practice* ¶ 66.09 (3d ed. 1998).

The conclusion that federal law governs the appointment of receivers is based on several considerations. First and foremost, the appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action. *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 497, 43 S. Ct. 454, 456 (1923). The conclusion that federal law governs the appointment of a receiver thus does not conflict with the *Erie* doctrine's requirement that state law apply to matters of substance. *New York Life*, 755 F. Supp. at 291; 12 Wright § 2983, at 34; 13 Moore ¶ 66.09; *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 674, 70 S. Ct. 876, 880 (1950) (noting that, in a diversity case, a declaratory remedy may be given by a federal court even if that remedy is unavailable in state court); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S. Ct. 1464 (1945) (stating that the equity power of a federal court exercising diversity jurisdiction cannot be equated with state law under the *Erie* doctrine).

Second, Federal Rule of Civil Procedure 66[1] and the accompanying Advisory Committee's Note[2] assert the primacy of federal law in the practice of federal receiverships. *New York Life*, 755 F. Supp. at 289-90, 12 Wright § 2983, at 35. Thus, to the extent Rule 66 dictates what principles should be applied to federal receiverships, courts must comply with the Rule even in the face of differing state law. *See Hanna v. Plumer*, 380 U.S. 460, 471, 85 S. Ct. 1136, 1144 (1965) (stating that in a diversity case, "[w]hen a situation is covered by one of the Federal Rules, . . . the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."); *see also* 12 Wright § 2983, at 34 (stating that the

---

[1] Federal Rule of Civil Procedure 66 provides:

An action wherein a receiver has been appointed shall not be dismissed except by order of the court. The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts. In all other respects the action in which the appointment of a receiver is sought or which is brought by or against a receiver is governed by these rules.

[2] The Advisory Committee's Note indicates that "[t]he last sentence added to Rule 66 assures the application of the rules in all matters except actual administration of the receivership estate itself."

conclusion that federal law governs the appointment of a receiver is consistent with *Hanna*).[3]

We therefore hold that federal law governs the appointment of a receiver by a federal court exercising diversity jurisdiction.

B.  Standard of Review

Courts and commentators agree not only that federal law governs the appointment of a receiver, but also that a court of appeals should review a district court's decision to appoint a receiver for an abuse of discretion.  *See Aviation Supply Corp*, 999 F.3d at 317; *Lyman v. Spain*, 774 F.2d 495, 497 (D.C. Cir. 1985); *Turabo*, 683 F.2d at 27; *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959); 13 Moore ¶ 66.07[3]; 12 Wright § 2983, at 30-31.  We agree with these authorities and hold that the decision to appoint a receiver should be reviewed for an abuse of discretion.

After reviewing the record and briefs in this case, we conclude that the district court did not abuse its discretion in appointing a receiver pendente lite.

### III.  CONCLUSION

---

[3] NHDC contends that in *Strickland v. Peters*, 120 F.3d 53, 56 (5th Cir. 1941), this Court concluded state law should govern the appointment of a receiver.  The *Strickland* Court, however, never directly addressed whether state or federal law applies to the appointment of a receiver.  Any such statement or implication drawn from *Strickland* is therefore dicta and not controlling.

The appointment of a receiver by a federal court exercising diversity jurisdiction is governed by federal law.  This Court reviews the decision to appoint a receiver for an abuse of discretion.  In this case, the district court did not abuse its discretion.

AFFIRMED.