# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3106

———————————————

Morgan Stanley Smith Barney LLC, et al.

*Plaintiffs - Appellees*

v.

Christopher Johnson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: October 16, 2019
Filed: March 13, 2020

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In April 2017, Morgan Stanley Smith Barney, LLC, commenced an action under the Federal Arbitration Act, 9 U.S.C. § 9, to confirm a $1,502,000 arbitration award against Christopher Johnson. He did not respond, and the district court[1]

———————————————

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

entered judgment in Morgan Stanley's favor. In September 2018, the court entered an order granting in part Morgan Stanley's motions to appoint a receiver under Federal Rule of Civil Procedure 66 and to enter a charging order under Rule 69(a) and Minn. Stat. § 322C.0503. Johnson appealed, arguing the district court abused its discretion by appointing a receiver, and by giving the receiver powers beyond those authorized by Minn. Stat. § 322C.0503. The district court declined to stay its order pending appeal. Having jurisdiction to consider this interlocutory appeal under 28 U.S.C. § 1292(a)(2), we affirm.

## I. The Order Appointing a Receiver.

Like most circuits, we have held that "[t]he appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir. 1993).[2] Rule 66 provides that the Federal Rules "govern an action in which the appointment of a receiver is sought," and a receiver's practice "must accord with the historical practice in federal courts." "[T]o the extent Rule 66 dictates what principles should be applied to federal receiverships, courts must comply with the Rule even in the face of differing state law." Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998). "[A]lthough a state statute may provide a vehicle for the appointment of a receiver, such a statute does not change the nature of the federal courts' equitable powers." Canada Life Assurance Co. v. LaPeter, 563 F.3d 837, 843 (9th Cir. 2009); see 12 C. Wright & A. Miller, Federal Practice and Procedure § 2983, at 25-26 (3d ed. 2014).

---

[2]Jurisdiction in this case is based on diversity of citizenship because the Federal Arbitration Act "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 581-82 (2008).

"A receiver is an extraordinary equitable remedy that is only justified in extreme situations." Aviation Supply, 999 F.2d at 316. No formula determines when a receiver should be appointed; factors we typically consider are:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

Aviation Supply, 999 F.2d at 316-17. Though Johnson argues to the contrary, "fraud is not required to support a district court's discretionary decision to appoint a receiver." Id. at 317. Rather, a receiver may be appropriate "to protect a judgment creditor's interest in a debtor's property when the debtor has shown an intention to frustrate attempts to collect the judgment." Id. (quotation omitted); see 12 Wright & Miller § 2983, at 15-16. Thus, "receivership may be an appropriate remedy for a judgment creditor . . . who has had execution issued and returned unsatisfied, or who proceeds through supplementary proceedings pursuant to Rule 69." Santibanez v. Wier McMahon & Co., 105 F.3d 234, 241 (5th Cir. 1997) (quotation omitted); accord Hendricks & Lewis PLLC v. Clinton, 766 F.3d 991, 999 (9th Cir. 2014). We review the appointment of a receiver for abuse of discretion.

In the year leading up to the order appointing a receiver, judgment creditor Morgan Stanley obtained a writ of execution for cash belonging to Johnson, but the writ returned unsatisfied. It also served writs of garnishment on banks where it believed Johnson held accounts; those netted only $2,879.85. Through a search on the Minnesota Secretary of State's website, Morgan Stanley identified limited liability companies ("LLCs") in which it believed Johnson held an interest. It served twenty one writs of garnishment on eighteen LLCs and one other company. No garnishee

disclosed owing Johnson money or possessing his personal property, instruments, or papers.

Using certified mail, Morgan Stanley sent Johnson a demand for financial disclosures. It also sent post-judgment discovery requests in aid of execution, including interrogatories and document requests. When Johnson did not respond, Morgan Stanley filed its motion for appointment of a receiver. The next day, Johnson's counsel entered an appearance in the district court. He opposed a receiver, claiming this motion was the first time Johnson received the interrogatories, document requests, and demand for disclosures. Counsel soon produced over 600 pages of documents, including bank account statements, credit card statements, Johnson' tax returns, and the tax returns and financial statements for his LLCs.

At the motion hearing, counsel for Morgan Stanley represented that the tax documents were incomplete and that Johnson had not disclosed how much money he received from LLCs over the past two years. Regarding the documents produced, Morgan Stanley advised the court that its analysis revealed that Johnson received nearly $400,000 in loan repayments in 2017 and $500,000 in 2018 from Providence Development, an LLC in which he owns a 50 percent interest. Additional research revealed that Providence Development purported to own and operate multi-tenant rental properties in the Twin Cities area, had $550,000 worth of equity in buildings and $490,000 in a Fidelity account, and owned several other LLCs, which, in turn, own real property. Another LLC, Providence Twin Cities, reportedly owned buildings and was operating out of Johnson's business office, but Johnson did not produce "a scrap of paper" for that business. Morgan Stanley also pointed to a corporation, Sun BioPharma, Inc., from which Johnson may have purchased $75,000 in notes in 2017 and received $35,400 in cash compensation in 2015. Finally,

Morgan Stanley advised that Johnson reported $53 million in stock transactions in 2015 and $30 million in 2016.[3]

After the hearing, the district court granted Morgan Stanley's motion to appoint a receiver in part, directing the receiver "to make any inquiry Johnson would have the right to make of the LLCs[,] to conduct a full accounting of the LLCs' financial transactions since January 1, 2015, [and to] have all the powers of receivers under Minnesota law."[4]  In deciding that this extraordinary creditor's remedy was appropriate, the court found significant the charging order provisions of the Minnesota Revised Uniform Limited Liability Company Act found in Minn. Stat. § 322C.0503, which provides in relevant part:

> **Subdivision 1. Charging order against transferable interest.**  On application by a judgment creditor of [an LLC] member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment.  A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

---

[3]In a lengthy Reply Brief, Johnson argues that we should ignore Morgan Stanley's "attempts to expand and distort the record by making allegations that are wholly without evidentiary support."  Johnson made the same assertions at oral argument before the district court, to no avail.  "[T]he form and quantum of evidence required on a motion requesting the appointment of a receiver is a matter of judicial discretion."  Santibanez, 105 F.3d at 241, quoting 12 Wright & Miller § 2983.  We see no abuse of discretion in rejecting this attempt to further delay review of Johnson's financial assets and transactions.  See Citronelle-Mobile Gathering, Inc. v. Watkins, 934 F.2d 1180, 1189-90 (11th Cir. 1991).

[4]Federal law requires the receiver to "manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated."  28 U.S.C. § 959(b).

**Subd. 2. Charging order effectuation.** To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subdivision 1, the court may:

(1) appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made; and

(2) make all other orders necessary to give effect to the charging order.

**Subd. 3. Foreclosure and sale.** Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest.

The statute defines "transferable interest" as an LLC member's "right . . . to receive distributions from [the LLC] in accordance with the operating agreement." Id. at § 322C.0102, subd. 28. The court entered a charging order against Johnson's transferrable interests in Providence Development, LLC, and Providence Investments, LLC. Johnson does not appeal that order. The district court denied without prejudice Morgan Stanley's request for an order to foreclose on Johnson's LLC interests, as authorized by Minn. Stat. § 322C.0503, subd. 3, concluding that the receiver should be limited to "evaluat[ing] the LLCs' payment arrangements with Johnson" and "determin[ing] whether the arrangements are a subterfuge for avoiding Johnson's debt to Morgan Stanley."

The district court's consideration of this state statute was not contrary to our decision in Aviation Supply. Though appointing a receiver is a matter of federal law, "in the absence of substantial federal precedent in a particular context, federal courts are quite likely to look to state law for guidance." 12 Wright & Miller § 2983, at 26. Minnesota's charging order statute reflects a legislative determination that extraordinary equitable remedies including receivership may be appropriate when a frustrated judgment creditor seeks to recover from a debtor who may be using

membership in an LLC to avoid paying his debt. Other courts have recognized that entering charging or accounting orders and appointing receivers may be necessary when a judgment debtor is using LLCs or intercorporate transfers to shield assets and income from creditors by keeping assets undistributed or otherwise out of reach. See Citronelle-Mobile Gathering, 934 F.2d at 1189-90; Gen. Elec. Capital Corp. v. JLT Aircraft Holding Co., LLC, No. Civ. 09-1200, 2010 WL 3023316, at *5 (D. Minn. July 28, 2010); United States v. Hoffman, 560 F. Supp. 2d 772, 777-78 (D. Minn. 2008); EarthGrains Baking Cos. v. Sycamore Family Bakery, Inc., No. 2:09CV523DAK, 2018 WL 5776545, at *5-6 (D. Utah Nov. 2, 2018); Otero v. Vito, No. 5:07-CV-405, 2008 WL 4004979, at *3-4 (M.D. Ga. Aug. 25, 2008); World Fuel Servs. Corp. v. Moorehead, 229 F. Supp. 2d 584, 589, 595-97 (N.D. Tex. 2002).

The record also supports the district court's finding that Johnson was a judgment debtor with direct or indirect access to substantial wealth and assets, who had frustrated Morgan Stanley's considerable efforts to collect its judgment, and appeared committed to not disclosing assets and not making LLC distributions, thereby keeping substantial assets out of Morgan Stanley's reach. In this case, Morgan Stanley's repeated attempts at execution yielded less than $3,000. Despite belated discovery responses and Morgan Stanley research revealing financial relationships with various LLCs, Johnson claimed he did not earn *any* income from any source in the eighteen months prior to submitting his interrogatory responses, aside from "interest payments" from a personal loan to one LLC. Nor did he explain how he pays for his living expenses in a home valued at more than $1,000,000. He also failed to produce relevant tax documents, including those for an undisclosed LLC operating out of his business office. See Aviation Supply, 999 F.2d at 317 (a "pattern of willful nondisclosure" and refusing to cooperate with discovery supported appointing a receiver); World Fuel Servs., 229 F. Supp. 2d at 589; EarthGrains, 2018 WL 5776545 at *6.

Johnson responds that Morgan Stanley was not entitled to appointment of a receiver because it did not make enough of an effort to employ the "normal remedies [of] a judgment creditor" that in most cases "are adequate to permit it to enforce its claim." Aviation Supply, 999 F.2d at 317. But what efforts are sufficient and adequate is a judgment call that turns on the specific facts in each case, a determination left to the sound discretion of the district court. Here, the district court concluded that the passage of one year was insufficient to warrant the "drastic relief" of foreclosing on Johnson's LLC interests. Rather, mindful that appointment of a receiver is an "extraordinary equitable remedy," it determined that a receiver was warranted to "investigate and determine what assets Johnson possesses, whether in the LLCs or otherwise," and to "determine whether the arrangements are a subterfuge for avoiding Johnson's debt." On this record, we conclude the court did not abuse its discretion in appointing a receiver under Federal Rule 66 to exercise extraordinary investigative powers to determine whether Morgan Stanley's substantial judgment can be paid within a reasonable time.

## II. The Scope of the Receiver's Powers.

Johnson further argues that the district court abused its discretion by appointing a "general receiver" over his interests in the LLCs, when Minn. Stat. § 322C.0503, subd. 2, provides that a receiver may only be appointed "[t]o the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subdivision 1." This contention is without merit. Morgan Stanley's motion for a charging order under Minn. Stat. § 322C.0503 properly relied on Federal Rule 69(a) and state law, while its motion for a receiver relied on the district court's *federal* equitable powers under Rule 66. The district court's order appointing a receiver was expressly based on "federal law and federal equitable principles," not on Minn. Stat. § 322C.0503, subd. 2. We have concluded that the court's appointment of a receiver was not an abuse of its discretion under federal law. At this interlocutory stage of the

proceedings, we are "limited to reviewing the question whether the [district] court has abused its discretion in making the appointment."  12 Wright & Miller § 2986, at 45.

The Order of the district court dated September 27, 2018, is affirmed.  We deny Morgan Stanley's motion to supplement the record on appeal.

_____