## 58335. SCROGGINS et al. v. WHITFIELD FINANCE COMPANY.

BIRDSONG, Judge.

Summary judgment. Mr. and Mrs. Scroggins borrowed $1,296 from the appellee Whitfield Finance Co. in May, 1976. In August, 1976, the Scroggins borrowed another $1,560 from Whitfield. Each of the notes independently provided for 24 equal monthly installment payments. By its complaint, Whitfield implied that the Scroggins paid approximately $950 on one or both of the notes, for in its suit, Whitfield alleged that only $1,911.99 was past due and owing rather than the full amount of $2,856. The Scroggins answered the complaint and denied any indebtedness, asserting usurious interest as well as a cross action for damages resulting from an alleged violation of the Truth in Lending Act. They also demanded proof that Whitfield was duly licensed and operating under the Industrial Loan Act and asserted that certain portions of that Act were unconstitutional. The trial court granted summary judgment to Whitfield without deciding the constitutional question. The Scroggins appealed to the Supreme Court. That court held that the constitutional question was without merit but reversed the grant of summary judgment upon the ground that Whitfield had not proven, in the face of the plaintiff's denial and demand for proof, that it was duly licensed under the Industrial Loan Act. *Scroggins v. Whitfield Finance Co.,* 242 Ga. 416 (249 SE2d 222). On remand to the trial court, the parties relied upon their earlier

pleadings. Additionally Whitfield submitted a new affidavit including proof that it was duly licensed under the Industrial Loan Act. The only other information outside of the pleadings was an affidavit that a properly executed demand for attorney fees had been submitted to the Scroggins. This was not denied by the Scroggins. Additionally there was a request for admissions. The Scroggins admitted executing the two notes but denied any remaining indebtedness, either of the remaining balance or of any indebtedness at all. The trial court again granted summary judgment to Whitfield. It is this second grant of summary judgment that forms the basis for this appeal. *Held:*

1. A careful perusal of the answer and admissions submitted by the Scroggins reflects that their answer and admissions, when considered as a response to a motion for summary judgment do not legitimately raise, other than by contentious conclusion and opinion, an issue that the interest charged was usurious; nor have they refuted the statute of limitation assertion advanced by Whitfield in relation to the Truth In Lending cross action. Thus on either of those grounds alone, in the face of the admission of the validity of the promissory notes, we could not fault the trial court in granting summary judgment. Mere conclusions are not sufficient to overcome allegations or admissions. A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided by a jury. Section 56 (e), Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238 (Code Ann. § 81A-156 (e))); *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 540 (2) (224 SE2d 504).

However, the preceding conclusion does not set the matter at rest. Whitfield did not sue for the full amount of the two notes. It impliedly agreed that the Scroggins had paid a substantial amount upon the principal represented by the two notes. Whitfield offered no evidence as to how much had been paid on each note nor how much was still owing on each note. There is no evidence indicating that appropriate credit was rebated for unearned life insurance premium, maintenance fees or interest.

Opposed to Whitfield's ambivalent allegations was a positive denial by Scroggins that they owed any balance or in fact any indebtedness at all. Their simple admission that the notes were genuine did not amount to an admission that any amount was still due upon the notes. Thus, we are faced with merely conclusionary allegations by Whitfield that an amount was still due, contradicted by an absolute denial both in their answer and in the admissions of fact that the Scroggins were indebted in any amount. Perforce this created a legitimate issue of fact. The cardinal rule of the summary judgment procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179). The party moving for summary judgment has the burden to show the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. United States v. Diebold, 369 U. S. 654, 655 (82 SC 993, 8 LE2d 176); *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765). Considering the pleadings and the evidence offered in support thereof, we must conclude that there are still issues of fact to be resolved. Thus the movant Whitfield has not met its burden of showing the absence of any genuine issues of material fact which under applicable principles of substantive law would entitle it to a judgment as a matter of law. *Raven v. Dodd's Auto Sales &c. Inc.,* 117 Ga. App. 416 (160 SE2d 633). It follows that the trial court erred in granting summary judgment to the appellee Whitfield.

2. In view of the above holding, the motion by appellee to assess penalties based upon the frivolity of the appeal is denied. *Dept. of Trans. v. Rudeseal,* 148 Ga. App. 179, 181 (251 SE2d 11).

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 12, 1979 — REHEARING DENIED OCTOBER 25, 1979.

*John D. Edge,* for appellants.
*Henry T. Tharpe, Jr.,* for appellee.