### 60578. SCROGGINS et al. v. WHITFIELD FINANCE COMPANY.

SOGNIER, Judge.

This is the third appearance of this case in the appellate courts of Georgia.

In November, 1977 Whitfield Finance sued Fred and Sarah Scroggins on two promissory notes entered into in May, 1976 and August, 1976. The notes are for $1,296 and $1,560, respectively, and are governed by the Industrial Loan Act. In *Scoggins v. Whitfield Finance Co.* (sic), 242 Ga. 416 (249 SE2d 222) (1978), the Supreme Court of Georgia reversed the summary judgment entered in favor of Whitfield on the ground that Whitfield had not proved that it was licensed under the Georgia Industrial Loan Act.

On remand to the trial court, the parties relied upon their earlier pleadings, but Whitfield submitted additional proof that it was duly licensed under the ILA. The trial court again granted summary judgment to Whitfield. In *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8 (262 SE2d 168) (1979), this court reversed on the ground that issues of fact remained because Whitfield had failed to offer evidence as to how much had been paid on each note or how much was still owing on each note. Whitfield also had failed to offer evidence that appropriate credit had been rebated for unearned life insurance premiums, maintenance fees or interest.

The case was again remanded to the trial court and after a jury trial, the parties agreed to submit the case to the trial judge for findings of fact and conclusions of law. The trial court found that Whitfield had proved that the balance owed on both notes at the time of filing the suit and after rebate of unearned interest and other charges was $1,911.99; that Whitfield proved Scroggins had received the proceeds of the notes; and that Scroggins had received copies of the disclosure statements prepared in conjunction with the notes.

The trial court also concluded that the notes were not usurious, and judgment was entered in favor of Whitfield in the amount of $1,911.99, plus $286.80 attorney fees, costs and interest.

1. Appellants contend first that the trial court erred in entering judgment for appellee because Whitfield had failed to comply with Code Ann. § 25-319, which required appellee to deliver a copy of the loan contracts or disclosure statements to appellants in conjunction with the loans. However, evidence was presented, and the trial court found specifically, that such statements had been delivered to appellants. The findings of the judge acting as a jury will not be disturbed if there is any evidence to support the verdict. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978).

2. Next appellants contend that the trial court erred in failing to consider the federal Truth in Lending Act in entering judgment in favor of appellee. We decided this issue adversely to appellant in *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8, 9, supra. Thus, appellants' third and fourth enumerations of error are without merit.

3. Appellants contend that the trial court erred in failing to construe the usury statutes correctly with regard to the notes in question, because appellee failed to comply with the provisions of the ILA in charging a usurious amount of interest. The evidence at trial and the contract itself disclosed that the note entered into on May 17, 1976 charged a loan fee in the amount of $74.88 ($48 at a rate of 8% on the first $600 of the face amount of the contract, and $26.88 at a rate of 4% of the excess according to Code Ann. § 25-315 (b)). Under our decision in *Financeamerica Corp. v. Drake,* 154 Ga. App. 811 (270 SE2d 449) (1980), there was no violation of Code Ann. § 25-315 (b) in the amount of the loan fee charged by appellee. Although an excessive amount may have been charged under the holding in *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401 (240 SE2d 922) (1977), the contract was executed in May, 1976 prior to *Peppers;* and under *Financeamerica Corp., Peppers* will not be applied retroactively. In addition, the trial court correctly found that the notes in question complied with Code Ann. § 25-315 where they provided specifically for a pro rata rebate of interest upon default and acceleration by the lender. *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717) (1973); *Credithrift of America v. Morris,* 147 Ga. App. 827, 829 (250 SE2d 565) (1978). No other ILA violations are apparent in the record.

4. Appellants' final enumeration of error contends that the alleged violations of the ILA by appellee were willful. We find no violations. Thus, this enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 27, 1981 —
REHEARING DENIED FEBRUARY 25, 1981.

*John D. Edge,* for appellants.
*Henry C. Tharpe, Jr.,* for appellee.