**FERRY–MORSE SEED COMPANY, a California Corporation, Plaintiff-Appellee,**

v.

**William F. HITCHCOCK, d/b/a Hitchcock Packing House, Defendant-Appellant.**

No. 80–5449.

United States Court of Appeals, Fifth Circuit.

May 8, 1981.

Milton H. Baxley, II, Gainesville, Fla., for defendants-appellants.

Peter L. Dearing, Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

This appeal presents a question of Florida law that we believe is appropriate for resolution by the Supreme Court of Florida. Our decision in this matter is therefore deferred, pending certification of the question to the Supreme Court under our usual practice. *See International City Bank & Trust Co. v. Morgan Walton Properties, Inc.*, 612 F.2d 227 (5th Cir. 1980).

Our usual practice when we certify a case to the state court is to request that the parties submit a proposed statement of facts and a proposed certificate of issues for decision. In view of stipulated facts and jury verdict in the case before us, however, we do not need to follow that practice here. *See Bernard v. Florida East Coast Railway*, 624 F.2d 552, 556 (5th Cir. 1980). We therefore submit the following for consideration by the Supreme Court of Florida.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case involves a question or proposition of the law of the State of Florida which may be determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies the following question of law of the State of Florida to the Supreme Court of Florida for instructions concerning such question of law, based on the facts recited herein.

I. *Style of the case.* The style of the case in which this certificate is made is as follows: Ferry-Morse Seed Company, a California Corporation, Plaintiff-Appellee, versus William F. Hitchcock, d/b/a Hitchcock Packing House, Defendant-Appellant, Case No. 80–5449, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Florida.

II. *Statement of facts.* Plaintiff Ferry-Morse Seed Company filed a complaint in federal district court against defendant William F. Hitchcock, d/b/a Hitchcock Packing House to recover the purchase price of vegetable seed sold to defendant. Defendant raised an affirmative defense of failure of consideration and counterclaimed for damages based on breach of warranty, negligence, and gross negligence. The gross negligence counterclaim was voluntarily dismissed.

Ferry-Morse moved to strike the counterclaim and the affirmative defense based on Hitchcock's failure to file a sworn complaint with the Florida Department of Agriculture within ten days of discovering the alleged defects in the seed as required by section 26 of the Florida Seed Law, Fla. Stat. § 578.26.[1] Hitchcock stipulated that

---

1. 578.26 *Complaint, investigation, findings and recommendation prerequisite to legal action*
    (1) When any farmer is damaged by the failure of agricultural, vegetable, flower or forest tree seed to produce or perform as represented by the label attached to such seed as required by section 578.09, as a prerequisite to his right to maintain a legal action against the dealer from whom such seed

were purchased, such farmer shall make a sworn complaint against such dealer alleging damages sustained and file same with the department within ten days after defect or violation becomes apparent and send a copy of said complaint to said dealer by United States registered mail; provided that requirement for filing complaint therein set forth appears legibly typed or printed on the analy-

the seed in question had been received, that the purchase price had not been paid, and that no complaint had been filed within ten days of discovering the alleged defects in the seed, although a complaint was submitted to the Department of Agriculture shortly before judgment was entered by the district court. Hitchcock nevertheless opposed the motion to strike, arguing (1) that the ten day requirement of Fla.Stat. § 578.-26 was not a statute of limitations barring claims for breach of warranty or negligence; and (2) that even if the counterclaim for damages is barred by Fla.Stat. § 578.26, Hitchcock could still raise the alleged defects in the seed as an affirmative defense of failure of consideration. On appeal Hitchcock further contends (3) that Ferry-Morse had actual knowledge of the alleged defects in the seed, and therefore waived the notice requirement of Fla.Stat. § 578.26 or was estopped from raising it.

A jury trial was held solely on the issue of Ferry-Morse's compliance with the requirements of Fla.Stat. § 578.26. The jury found that the seed purchased by Hitchcock from Ferry-Morse was labeled in accordance with the requirements of the statute. The district court thereupon granted Ferry-Morse judgment on the pleadings and final judgment. Hitchcock appeals from that decision.

III. *Question to be certified to the Florida Supreme Court.* When a Florida farmer has purchased seed which he alleges failed to perform as represented by the seller, but the farmer did not file a complaint with the Florida Department of Agriculture within ten days after the defect became apparent although the requirement for filing such a complaint was legibly typed or printed on the analysis label attached to the package

of seed when purchased by the farmer, then (1) is said farmer barred from maintaining a legal action for damages against the seller based on theories of negligence or breach of warranty; and (2) is said farmer barred from pleading lack of consideration as a defense in an action by the seller for payment for the allegedly defective seed? In either case, if such action or defense by the farmer is otherwise barred, is the seller estopped from raising this bar, or has the seller waived the bar, if the seller has actual knowledge of the alleged defects in the seed, although such knowledge was not acquired within ten days of the discovery of the defect by the farmer?

Our statement of the question is not designed to limit the inquiry of the Supreme Court of Florida.

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriquez,* 394 F.2d 156, 159 n.6 (5th Cir. 1968).

The entire record in the case, along with copies of the briefs of the parties are transmitted herewith.

CERTIFIED.

---

sis label attached to the package containing such seed at the time of purchase by the farmer. A filing fee of ten dollars shall be paid to the department with each complaint filed and shall be recovered from the dealer upon the recommendation of the arbitration council. Within five days after receipt of a copy of complaint, the dealer shall file with the department his answer to said complaint and send a copy of same to the farmer by United States registered mail.

(2) The department shall refer the complaint and the answer thereto to the arbitration council provided in § 578.27, for investigation, findings and recommendation on the matters complained of. Upon receipt of same the department shall transmit the findings and recommendation of the arbitration council to the farmer and to the dealer by United States registered mail.