37976. CLYDE v. LIBERTY LOAN CORPORATION.

HILL, Presiding Justice.

On November 8, 1977, Emmitt Clyde (borrower) entered into a loan agreement with Liberty Loan Corporation d/b/a Securities Investment Company (lender). The loan agreement consisted of three instruments: A promissory note in the amount of $3600.00 ($2680.04 principal including $571.54 prepaid credit insurance premiums ($179.93 for credit life insurance, $179.93 for credit disability insurance, and $211.68 for household goods insurance), $682.84 interest, $165.12 prepaid finance charge, and $72.00 maintenance charge ($2 per month for 36 months)), repayable at the rate of $100.00 per month for 36 months; a security agreement covering the borrower's automobile and household goods; and a security deed on the borrower's residence.

In August, 1978, the borrower defaulted on the note and the lender accelerated the loan. The balance remaining on the loan at that time was $3,044.25. The borrower was notified of the acceleration by an attorney's fee letter which demanded payment of an accelerated balance of $2,513.37. This figure was arrived at by multiplying the monthly interest ($18.95) by the unexpired term of the loan (28 months) and this product ($530.60) was then subtracted from the gross loan balance to yield an accelerated balance.[1]

When the borrower failed to pay the sum demanded, the lender instituted nonjudicial foreclosure proceedings on the borrower's residence pursuant to a power of sale provision contained in the security deed. The lender eventually purchased the borrower's residence for $100.00 at a foreclosure sale which it conducted[2] and recorded a foreclosure deed under power of sale in the county records.

Next, the lender brought a dispossessory proceeding in state court to evict the borrower from the property. The borrower filed an answer and counterclaim in state court and instituted an action in superior court to have the foreclosure deed set aside in equity. The borrower's complaint alleged that he was illiterate and had not intended to use his residence as security for the loan but had executed the security deed in reliance on the false representations of the

---

[1] The lender admits that there is an error of $.28 in this computation.
[2] No other bids were received on the property.

lender's agents as to the contents of the documents. The complaint also alleged that the foreclosure deed should be set aside because the loan agreement violated the Georgia Industrial Loan Act (ILA), Code Ann. Ch. 25-3.[3]

The superior court temporarily enjoined the dispossessory action in state court and ordered it consolidated with the borrower's suit in superior court. The borrower then moved for partial summary judgment on the grounds that the loan agreement violated the ILA. The trial court denied the motion but issued a certificate of immediate review. We granted the borrower's application for interlocutory appeal to determine whether the foreclosure deed should be set aside due to violations of the ILA in the loan agreement.

The loan agreement in this case contains three acceleration clauses, two in the promissory note and one in the security deed. The borrower contends that in two of the acceleration clauses the lender has contracted for unearned amounts in violation of Code Ann. §§ 25-315 and 25-316.

The first acceleration provision of the promissory note provides: "In the event of default . . . the holder may declare an acceleration of the maturity of the Note, rendering the entire balance immediately due and payable, provided that in such case charges would be reduced in proportion to the reduction in the loan term." Similar language has been held not to violate the ILA, see, e.g., *Bragg v. Household Finance Corp.,* 140 Ga. App. 75 (230 SE2d 55) (1976), and the borrower does not argue to the contrary here.

The second acceleration clause in the note provides: "A default in the payment of the full amount of any installment hereon, at the option of the holder hereof and without notice or demand, shall render the entire amount due hereon at once due and payable, provided the precomputed interest would be rebated in proportion to the reduction of the loan term." The borrower contends that this acceleration clause violates the ILA because, although it provides for rebate of unearned interest, it does not provide for rebates of unearned maintenance charges and unearned credit insurance premiums. See *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8, 9 (262 SE2d 168) (1979); Rules and Regulations of the State of Georgia, 120-1-11-.02(4)(a) (rebate of unearned credit life insurance premiums), 120-1-11-.03(4)(a) (rebate of unearned credit accident

---

[3] The contract is subject to the provisions of the ILA as it existed on the date the contract was executed. See *Layton v. Liberty Loans of Waycross,* 152 Ga. App. 504 (263 SE2d 167) (1979), overruled on other grounds, *Financeamerica Corp. v. Drake,* 154 Ga. App. 811, 819 (270 SE2d 449) (1980).

and sickness insurance premiums), 120-1-11-.04(4) (rebate of unearned credit household goods insurance premiums), 120-1-15-.05(b) (rebate of unearned maintenance charges). See also Code Ann. § 25-315 (e), Ga. L. 1977, p. 288. We agree.

The acceleration clause of the security deed provides: "In the event [the borrower] fails to pay any of said notes promptly at maturity or any interest thereon . . . then the entire debt secured by this deed shall become due and payable at once. . . ." The amount of debt secured by the deed is stated to be $3600.00. The borrower argues that the acceleration clause of the security deed contains no provision for rebates of unearned charges (interest, etc.) and that similar language in promissory notes has repeatedly been held to constitute contracting for a usurious amount under the ILA. See, e.g., *Diggs v. Swift Loan &c. Co.,* 154 Ga. App. 389, 390 (268 SE2d 433) (1980); *Blazer Financial Services v. Dukes,* 141 Ga. App. 663 (234 SE2d 149) (1977), and cases contained therein. We agree.

Thus, in this case we have a loan contract containing one usurious acceleration clause in the promissory note, a letter demanding usurious payment pursuant to the usurious provision in that note, a usurious acceleration clause in the security deed, and foreclosure under the security deed. The note, security deed and foreclosure thereunder were null and void. *Diggs v. Swift Loan &c. Co.,* supra; *Ga. Invest. Co. v. Norman,* 231 Ga. 821, 826 (204 SE2d 740) (1974); see Matter of Sprouse, 577 F2d 989, 993 (5th Cir., 1978). The foreclosure deed was therefore null and void. The trial court erred in denying the borrower's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 23, 1982.

*W. E. Lockette,* for appellant.
*E. Louis Adams,* for appellee.