720 F.2d 1228
 Garrett VARNER, Plaintiff-Appellee, Cross-Appellant,
v.
CENTURY FINANCE COMPANY, INC., Defendant-Appellant, Cross-Appellee.
Pearl M. BRADLEY, Plaintiff-Appellant,
v.
TERMPLAN, INC., Defendant-Appellee.
Josephine SIMPSON, Plaintiff-Appellee, Cross-Appellant,
v.
TERMPLAN, INC. OF GEORGIA, Defendant-Appellant, Cross-Appellee.
 Nos. 82-8277, 82-8393 and 82-8425.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 2, 1983.
 
 Lewis N. Jones, Atlanta, Ga., for Century Finance Co., Inc.
 W. Rhett Tanner, Donald Loft, Atlanta, Ga., for amicus curiae Georgia Consumer Finance Co.
 Charles M. Baird, Atlanta, Ga., for amicus curiae Georgia Legal Services.
 Ralph Goldberg, Atlanta, Ga., for Varner and Simpson.
 Joseph H. King, Jr., Atlanta, Ga., for Bradley.
 Richard V. Karlberg, Jr., Atlanta, Ga., for Termplan, Inc.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 VANCE, Circuit Judge:
 
 
 1
 In this appeal, we are asked to review three counterclaims which are controlled by a common question involving interpretation of the Georgia Industrial Loan Act, Ga.Code Ann. Secs. 7-3-1 et seq. (1983) (the Act). The lenders, who have counterclaimed to collect household loans in default, argue that the Act permits rebates of prepaid interest according to the Rule of 78s upon refinancing. The consumers would require a pro rata method.
 
 
 2
 We believe this question is appropriate for resolution by the Supreme Court of Georgia. The record establishes and the parties agree that this issue is one which arises with frequency. The federal district courts that have considered the question have not concurred in the result. We therefore defer our decision in the above three matters pending certification of the question to the Supreme Court. See Ferry-Morse Seed Co. v. Hitchcock, 644 F.2d 515 (5th Cir.1981).
 
 
 3
 Customarily, we request the parties to submit a proposed statement of facts and a proposed certificate of issues for decision when we certify a case to state court. In view of the stipulated facts in these matters, however, we need not follow that practice here. Id. We therefore submit the following for consideration by the Supreme Court of Georgia.
 
 
 4
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO ARTICLE 6 SECTION 6 PARAGRAPH IV OF THE GEORGIA CONSTITUTION.
 
 
 5
 TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:
 
 
 6
 It appears to the United States Court of Appeals for the Eleventh Circuit that the above matters involve a question or proposition of the law of the State of Georgia which may be determinative of the causes, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Georgia. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following question of law of the State of Georgia to the Supreme Court of Georgia for instructions concerning such question of law, based on the facts recited herein.
 
 
 7
 I. Style of the cases. The style of the cases in which this certificate is made is as follows: Garrett Varner, Plaintiff-Appellee, Cross-Appellant, versus Century Finance Company, Inc., Defendant-Appellant, Cross-Appellee, Case No. 82-8277; Pearl M. Bradley, Plaintiff-Appellant, versus Termplan, Inc., Defendant-Appellee, Case No. 82-8393; and Josephine Simpson, Plaintiff-Appellee, Cross-Appellant, versus Termplan, Inc. of Georgia, Defendant-Appellant, Cross-Appellee, Case No. 82-8425, respectively filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.
 
 
 8
 II. Statement of the facts. Plaintiffs Bradley and Simpson individually filed suit against defendant Termplan in the United States District Court for the Northern District of Georgia. They alleged that their household finance loan agreements with Termplan contained violations of the Truth in Lending Act, 15 U.S.C. Secs. 1601 et seq. Plaintiff Varner filed a similar action against Century Finance in the same district. In each case, the defendant denied the allegations and interposed a counterclaim to collect the underlying and outstanding debt. The consumers, defendants to the counterclaim, raised affirmative defenses under the Georgia Industrial Loan Act, Ga.Code Ann. Secs. 7-3-1 et seq. (1983). In particular, they claimed that their loans, which had undergone refinancing, were void under the Act because the prepaid interest was refunded according to the Rule of 78s, as the original instruments provided in event of refinancing, rather than by the pro rata method.[1] The courts below which heard these defenses were unable to agree on the proper resolution of the question of rebates. Varner prevailed on that issue; Simpson and Bradley did not. This appeal followed.
 
 
 9
 III. Question to be certified to the Georgia Supreme Court. Does the Georgia Industrial Loan Act authorize a lender to use the Rule of 78s method of rebating prepaid interest in connection with a refinancing of a loan before maturity? Does the Act instead require lenders to compute such rebates on a pro rata basis?
 
 
 10
 Our statement of the question is not designed to limit the inquiry of the Supreme Court of Georgia.
 
 
 11
 [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.
 
 
 12
 Martinez v. Rodriquez, 394 F.2d 156, 159 n. 6 (5th Cir.1968).
 
 
 13
 The entire record in the case, along with copies of the briefs of the parties, are transmitted herewith.
 
 
 14
 CERTIFIED.
 
 
 
 [1]
 This is the sole affirmative defense preserved by Simpson and Bradley on appeal. Varner preserved three alternative grounds of unenforceability. In addition to the Rule of 78s question, he challenged the loan for lack of consideration and for failure to provide a rebate of unearned insurance premiums upon default under Clyde v. Liberty Loan, 249 Ga. 78, 287 S.E.2d 551 (1982)