**Janice H. KELLEY, Plaintiff-Appellant,**

v.

**INTEGON INDEMNITY CORPORATION, Defendant-Appellee.**

No. 83–8529.

United States Court of Appeals, Eleventh Circuit.

March 12, 1984.

**1520**

Stefano A. DiDio, Norcross, Ga., for plaintiff-appellant.

Fred W. Ajax, Jr., Atlanta, Ga., for defendant-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

VANCE, Circuit Judge:

■ In this case we are asked to decide whether the Georgia Motor Vehicle Accident Reparations Act, Ga.Code Ann. § 33–34–1 *et seq.* (1982) restricts recovery of benefits for accidents arising from the permissive use of insured motor vehicles to pedestrians struck by motor vehicles and individuals who were occupying the vehicles in question when injury befell them. We believe this question is appropriate for resolution by the Supreme Court of Georgia. The record establishes that this issue arises with frequency. The intermediate Georgia state court has reached conflicting conclusions. *Compare Parker v. Atlanta Casualty Co.,* 157 Ga.App. 539, 278 S.E.2d 119 (1981) *and Clinton v. National Indemnity Co.,* 153 Ga.App. 491, 265 S.E.2d 841 (1980) *with Jones v. Transamerica Insurance Co.,* 154 Ga.App. 408, 268 S.E.2d 444 (1980) *and Georgia Farm Bureau Mutual Insurance Co. v. Nelson,* 153 Ga.App. 623, 266 S.E.2d 299 (Ga.App.1980). We therefore defer our decision in the above matter pending certification of the question to the Supreme Court of Georgia. *See Ferry-Morse Seed Co. v. Hitchcock,* 644 F.2d 515 (5th Cir.1981).

■ Customarily we request the parties to submit a proposed statement of facts and a proposed certificate of issues for decision when we certify a case to state court. In view of the parties' agreement concerning the operative facts, however, we need not follow that practice here. *Id.* We therefore submit the following for consideration by the Supreme Court of Georgia.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO ARTICLE 6 SECTION 6 PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves a question or proposition of the law of the State of Georgia which may be determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Georgia. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following question of law of the State of Georgia to the Supreme Court of Georgia for instruction concerning such question of law, based on the facts recited herein.

. I. *Style of the case.* The style of the case in which this certificate is made is as follows: Janice H. Kelley, Plaintiff-Appellant, versus Integon Indemnity Corporation, Defendant-Appellee, Case No. 83–8529, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.

II. *Statement of the facts.* Appellant Janice Kelley filed suit against the defendant Integon Indemnity Corporation seeking no-fault insurance benefits under the Georgia Motor Vehicle Accident Reparations Act arising from her husband's death.

On April 27, 1982 Charles R. Kelley was fatally electrocuted by a high voltage wire running above his employer's roadway construction site in Gordon County, Georgia. At the time of his death he was employed by Underground Pipeline, Inc. to construct a tunnel underneath a county road. He had

driven to the construction site in a welding truck where he joined two co-workers who had arrived in a crane truck. Their initial task was to unload a drilling rig and two pieces of track into a roadside pit where the rig was to sit. Mr. Kelley stood in the pit and guided the equipment to the proper position. Once he positioned the first piece of track, his co-workers attached the truck's crane cable to the second piece of track and lowered it into the pit. As Kelley grasped the track, either the cable or the boom of the crane touched a high voltage wire. He died of electrocution. Appellant concedes that "[a]t no time did Kelley operate or occupy the crane truck itself."

At the time of the accident, the crane truck appeared to be insured under a no-fault motor vehicle policy written by the Integon Indemnity Corporation (Integon). Kelley's widow filed suit against Integon in Georgia state court. Integon removed the case to federal district court. That court denied Mrs. Kelley's motion for summary judgment and granted summary judgment for Integon. This appeal followed.

III. *Question to be certified to the Georgia Supreme Court.* Does the Georgia Motor Vehicle Accident Reparations Act restrict payment of no-fault insurance benefits to a permissive user of an insured motor vehicle for accidental bodily injury arising while the user was occupying the insured vehicle or while he was a pedestrian struck by it? If not, did Mr. Kelley's death arise out of the operation, maintenance or use of the crane truck as a vehicle?

Our statement of the question is not designed to limit the inquiry of the Supreme Court of Georgia.

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriquez,* 394 F:2d 156, 159 n. 6 (5th Cir.1968).

The entire record in the case, along with copies of the briefs of the parties, is transmitted herewith.