68379. AETNA FINANCE COMPANY v. BROWN et al.
(323 SE2d 720)

McMURRAY, Chief Judge.

On or about October 24, 1980, Evelyn Brown and Charlie Brown (borrowers) entered into a consumer loan agreement with Aetna Finance Company (lender). In exchange for a cash advance of $2,145.06,

the Browns executed to "Aetna" a note in the amount of $3,528. This sum consists of $2,617.57 principal, including $472.51 prepaid credit insurance premiums ($176.26 for credit life insurance, $176.25 for credit disability insurance, and $120 for household goods insurance), $797.54 interest, $40.89 prepaid finance charge, and $72 maintenance charge ($2 per month for 36 months). The entire note was repayable at the rate of $98 per month for 36 months and was executed with an accompanying security agreement covering the borrowers' automobile and household goods.

The Browns made payments on the note in the following amounts and on the dates shown: $100 (January 2, 1981); $98 (January 30, 1981); $102.90 (March 2, 1981); $98 (March 30, 1981); $98 (April 13, 1981); $98 (April 24, 1981). The Browns, however, made no further payments on the note and subsequently, on March 23, 1983, filed this action against "Aetna," alleging that "Defendant ["Aetna"] violated the [Georgia] Industrial Loan Act [ILA], O.C.G.A. §§ 7-3-14, -15 and the Rules and Regulations of the State of Georgia, §§ 120-1-11-.02 (4) (a), 120-11-.03 (4) (a), 120-1-11-.04 (4), and 120-1-15-.05 (6) by contracting for the right to accelerate the entire principal balance without making any rebate of the unearned portion of the credit insurance premiums and maintenance charges referred to in the preceding paragraph," and that "[a]s a penalty for the foregoing violations, defendant is liable to plaintiffs in the amount of $1,820.86 pursuant to OCGA § 7-3-29 (b)." Defendant answered, denying the material allegations of plaintiffs' complaint and raising the defense of good faith compliance "with the Industrial Loan Act, the appellate court interpretations of that Act, and the Rules and Regulations officially promulgated by the Industrial Loan Act Commissioner." Defendant also counterclaimed for the amount due to be determined by the court on the October 24, 1980, note.

Following preliminary discovery, both parties filed motions for summary judgment. After reviewing the evidence, the trial court, by order entered December 27, 1983, granted plaintiffs' motion and awarded them the statutory penalty of $1,820.86 as provided for in OCGA § 7-3-29 (b). Subsequently, on January 12, 1984, pursuant to a "Motion to Reconsider" filed by defendant, the court entered a second order. In this order, the court granted defendant's motion for summary judgment on its counterclaim against plaintiffs and awarded defendant $2,933.10 on its counterclaim for the amount due on its note. Further, the court directed that this amount was to be set-off by the sum previously awarded plaintiffs (i.e., $1,820.86). Thus, the effect of the second order was to award defendant a net recovery of $1,112.24 in addition to the $594.90 previously paid by plaintiffs on the loan. Defendant challenges the summary judgment in favor of plaintiffs entered by the court on December 27, 1983, in which the

court ruled that defendant's note violated the Georgia Industrial Loan Act. However, neither party has appealed the January 12, 1984, order. *Held*:

1. Defendant contends that the trial court erred in ruling that "Aetna's" note was not made in good faith conformity with the Industrial Loan Act and the rules and regulations made by the Industrial Loan Commissioner. We disagree.

OCGA § 7-3-29 (f) (formerly Code Ann. § 25-9903 (f)) provides: "If a contract is made in good faith in conformity with an interpretation of this chapter by the appellate courts of this state or in a rule or regulation officially promulgated by the commissioner after public hearings, no provision in this Code section imposing any penalty shall apply, notwithstanding that, after such contract is made, such rule or regulation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason."

Defendant argues that its note was made in good faith in conformity with the above Code section since the record discloses that it submitted to the ILA Commissioner, for approval, the note contract in question; and that the ILA Commissioner subsequently approved the note. However, this approval of defendant's note by the ILA Commissioner does not amount to an interpretation of the "Industrial Loans" chapter in a rule or regulation officially promulgated by the commissioner after public hearings (see OCGA § 7-3-29 (f), supra) and as such, we hold that this enumeration is without merit.

2. Defendant contends that the trial court erred in ruling that Aetna's note violated the Georgia Industrial Loan Act. We disagree.

The contract or note in question (entitled "SECURITY AGREEMENT AND NOTE") contains two acceleration clauses, one in the body of the note (located on the front side) and the other in the "ADDITIONAL TERMS" section of the note (located on the reverse side). Defendant contends that the first acceleration clause (contained in the body of the note) complies with the requirements of the Georgia Industrial Loan Act; however, defendant never addresses the status of the second acceleration clause. Since we are of the opinion that the second clause clearly violates the Georgia Industrial Loan Act, we feel it unnecessary to address defendant's arguments made in connection with the first acceleration clause.

The second acceleration clause in the "ADDITIONAL TERMS" section of the note provides: "Upon default, Secured Party may, at its option, without notice declare the entire note and other obligations secured hereunder together with all other sums then secured hereby, immediately due and payable . . ." This language which permits, in the event of default, the collection of the entire balance due on the contract without excluding unearned interest, is clearly violative of the Georgia Industrial Loan Act under our holdings in *Lawrimore v.*

*Sun Finance Co.*, 131 Ga. App. 96 (205 SE2d 110), affd. 232 Ga. 637 (208 SE2d 454), and *Blazer Financial Services v. Dukes*, 141 Ga. App. 663 (234 SE2d 149). That the first acceleration clause may have been valid (although we make no determination as to its validity), as defendant contends, makes no difference for the contract here is governed by the Georgia Industrial Loan Act which is in derogation of the common law and must be strictly construed. *Ga. Investment Co. v. Norman*, 231 Ga. 821 (204 SE2d 740); *Diggs v. Swift Loan &c. Co.*, 154 Ga. App. 389 (268 SE2d 433). Thus, since the parties contracted for the acceleration of an illegal amount of interest in at least one provision of the "SECURITY AGREEMENT AND NOTE," the trial court was correct in holding that the contract or note violated the Georgia Industrial Loan Act. *Diggs v. Swift Loan &c. Co.*, 154 Ga. App. 389, supra; *Clyde v. Liberty Loan Corp.*, 249 Ga. 78 (287 SE2d 551). Accordingly, the trial court did not err in granting summary judgment in favor of the plaintiffs. Nor did it err in awarding to plaintiffs the statutory penalty of $1,820.86. See OCGA § 7-3-29 (b) (formerly Code Ann. § 25-9903 (b)).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984.

*William A. Erwin*, for appellant.
*Willie E. Lockette*, for appellees.