70058. BROWN v. ASSOCIATES FINANCIAL SERVICES
CORPORATION.
(346 SE2d 873)

SOGNIER, Judge.

The Supreme Court having reversed our opinion in *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985), in which we had dismissed this appeal, the Supreme Court's decision at 255 Ga. 457 (339 SE2d 590) (1986), is hereby made the decision of this court. We, therefore, turn to the merits of the appeal.

Brown, in the course of borrowing money from Associates Financial Services Corporation (Associates), executed a loan contract security agreement and a loan disclosure statement which, in addition to the borrowed sum, interest and maintenance charges, also contained charges for premiums of credit life insurance and credit accident and health insurance. The acceleration clause in the loan contract (with virtually identical language in the financing statement) provided: "If any payment is not paid when due, the *entire unpaid amount* of this indebtedness may at the option of the Lender become due and payable without demand or notice and if this should occur, Borrower(s) shall receive a pro rata rebate of *interest* and of the *monthly maintenance charge.*" (Emphasis supplied.) Brown made payments on the loan for approximately eighteen months whereupon, alleging a work-related disability, he sought the benefits under the credit accident and health insurance. Associates denied Brown's claim on the basis that the credit accident and health insurance previously had been cancelled and that Brown had received a refund of the premium. Brown denied both the cancellation of the credit accident and health insurance and the receipt of the refund. Upon Brown's default on the contract, Associates accelerated the loan, rebated pro rata the interest and maintenance charges, refunded part of the credit life insurance premium as calculated under the Rule of 78's, but did not rebate any of the credit accident and health insurance premium. Associates then brought a petition for a writ of possession to Brown's automobile. Brown answered denying default because of an alleged violation of OCGA §§ 7-3-14; 7-3-15 of the Industrial Loan Act (ILA), and counterclaimed for the statutory penalty for the violation, OCGA § 7-3-29 (b), to be used as a set-off against the delinquency Associates claimed

was due. The trial court granted Associates' motion for summary judgment, awarding it a writ of possession and subsequently dismissing Brown's counterclaim. Brown appeals.

We agree with appellant that the loan contract security agreement shows on its face that appellee sought to contract for the acceleration of life insurance premiums and accident and health insurance premiums in violation of the provisions of the ILA. *Clyde v. Liberty Loan Corp.*, 249 Ga. 78 (287 SE2d 551) (1982). See also *Scroggins v. Whitfield Fin. Co.*, 152 Ga. App. 8 (262 SE2d 168) (1979). Appellee's argument that it was entitled to the good faith defense under OCGA § 7-3-29 (f), in that the Comptroller General had approved the loan forms here was rejected in *Aetna Fin. Co. v. Brown*, 172 Ga. App. 537 (323 SE2d 720) (1984). Thus, the loan contract was null and void and the trial court erred by granting appellee's motion for summary judgment, granting the writ of possession, and dismissing appellant's counterclaim.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Pope, Benham and Beasley, JJ., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

I concur fully with what is said in the majority opinion and also with what is said as to the merits of the case contained in Division 2 of my special concurrence in *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553, 557 (333 SE2d 888) (1985).

DECIDED JUNE 19, 1986.

W. E. Lockette, Johnnie M. Graham, Phyllis Holmen, Paul Kauffman, John L. Cromartie, Jr., for appellant.

T. Lee Bishop, Jr., for appellee.