**Delores MILES, Carolyn Scott, Amanda Reynolds and Carol Williams, Jr., Plaintiffs–Appellants,**

v.

**ASHLAND CHEMICAL COMPANY, A DIVISION OF ASHLAND OIL, Defendant–Appellee.**

**Lillian GAINES, Plaintiff–Appellant,**

v.

**ASHLAND CHEMICAL COMPANY, A DIVISION OF ASHLAND OIL, Defendant–Appellee.**

**Mildred McKENNA, Plaintiff–Appellant,**

v.

**SWIFT ADHESIVES, INC., (formerly Eschem, Inc.), a division of Reichhold, and Ashland Chemical Company, a division of Ashland Oil, Defendants–Appellees.**

No. 90–8437.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1991.

---

**10.** Congress has subsequently repealed section 6621(c). Pub.L. 101–239, § 7721(b), 103 Stat. 2399 (1989).

Clarence Martin, Savannah, Ga., for plaintiffs-appellants.

Allie S. Edwards, Phillip S. McKinney, Rogers & Hardin, Atlanta, Ga., for defendants-appellees.

Before FAY, COX and MARKEY *, Circuit Judges.

PER CURIAM:

In this appeal, we are asked to review the district court's dismissal, as time barred, of three wrongful death actions brought under Georgia law. Each case is

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designa-

controlled by a common question involving the interpretation of the Georgia statute of limitations for wrongful death actions, O.C. G.A. § 9–3–33 (1986). The plaintiffs argue that the two-year statute of limitations for a wrongful death action alleging a failure to warn does not begin to run until the plaintiff discovers, or with reasonable diligence should have discovered, that the defendant was at least in part responsible for the decedent's death. This tolling of the statute of limitations is called the discovery rule. The defendants argue that in any wrongful death action, the statute of limitations begins to run on the death of the decedent.

■ Because these cases involve a .question of state law implicating substantial public policy concerns and because we are unable to locate any controlling precedent from a Georgia court, we believe this question is appropriate for resolution by the Supreme Court of Georgia. We therefore defer our decision in these cases pending certification of the question to the Supreme Court of Georgia. *See Varner v. Century Finance Co., Inc.,* 720 F.2d 1228, 1228 (11th Cir.1983).

We submit the following for consideration by the Supreme Court of Georgia.

CERTIFICATION FROM THE UNITED .STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

I. *Style of the Cases*

The style of the cases in which this certificate is made is as follows: Delores Miles, Carolyn Scott, Amanda Reynolds and Carol Williams, Jr., Plaintiffs–Appellants, versus Ashland Chemical Company, a division of Ashland Oil, Defendant–Appellee (D.C. Docket No. CV 489–149); Lillian

tion.

Gaines, Plaintiff–Appellant, versus Ashland Chemical Company, a division of Ashland Oil, Defendant–Appellee (D.C. Docket No. CV 489–151); Mildred McKenna, Plaintiff–Appellant, versus Swift Adhesives, Inc., (formerly Eschem, Inc.), a division of Reichhold, and Ashland Chemical Company, a division of Ashland Oil, Defendants–Appellees (D.C. Docket No. CV 489–152). This case is assigned number 90–8437 in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Georgia.

## II. *Statement of the Facts*

The plaintiffs in these cases are relatives of three decedents, Carol Williams, Harmon M. Gaines, and John T. McKenna. The decedents were all employed by Great Dane Trailers, Inc. Each of the decedents died from cancer. Carol Williams died from renal cell carcinoma in April 1984; Harmon Gaines died from carcinoma of the colon in August 1979; and John McKenna died from adenolymphoma in October 1984. The defendants, Ashland Chemical Company and Swift Adhesive, Inc.[1], are manufacturers of Fome Bond, a product containing Methylene Chloride that is used by Great Dane Trailers, Inc.

The plaintiffs contend that it was not until September 3, 1987, that they first learned of the relationship between exposure to Methylene Chloride and cancer. On May 26, 1989, each plaintiff filed a wrongful death action against one or both of the defendants in the Superior Court of Chatham County, Georgia. The plaintiffs allege that defendants failed to provide adequate warnings of the dangers of exposure to Methylene Chloride. The defendants removed these cases from state court to the district court for the Southern District of Georgia. Thereafter the defendants moved the court for judgment on the pleadings, contending that the plaintiffs' actions were barred by Georgia's two-year statute of limitations for wrongful death claims. The district court granted the defendants' motion, ruling that the two-year statute of limitations began to run on the death of the decedents. The plaintiffs appeal that ruling.

## III. *Question to be Certified to the Georgia Supreme Court*

Is the running of the Georgia two-year statute of limitations for a wrongful death action, based upon an alleged failure to warn, tolled until the plaintiff discovers, or with reasonable diligence should have discovered, that the defendant was at least in part responsible for the death of the decedent? Put another way, do the Georgia courts follow the discovery rule in applying the statute of limitations to a wrongful death action alleging a failure to warn?

 Our statement of the question is not designed to limit the inquiry of the Georgia Supreme Court.

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in · this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given....

*Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.

---

**1.** Swift Adhesives, Inc., was formerly known as Eschem, Inc.